DABAGIA ET AL. *v.* CITY OF MICHIGAN CITY.

[No. 18,164.  Filed May 25, 1951.  Rehearing denied August 16, 1951.]

*Theron F. Miller,* of Michigan City, and *Crawford & Crawford,* of Terre Haute, for appellants.

*Raymond M. Fox,* City Attorney, and *T. C. Mullen,* of Michigan City, for appellee.

MARTIN, J.—This is an action brought by the appellants, City Firemen of the City of Michigan City, Indiana, against said City, the appellee, for the alleged breach of their contract of employment. The appellants allege that they were not paid the full amount of their salaries as fixed by ordinance of said City. The trial court sustained a demurrer to plaintiffs' complaint. Plaintiffs refused to plead further. Judgment was entered for the defendant City.

It is admitted that appellants were duly employed tenure employees of appellee City during the years in controversy.

Under the issue presented the salary fixing ordinance of said City then in force and effect was an essential part of appellants' contract and must be pleaded as a part of appellants' complaint.

Appellants pleaded Ordinance No. 1192, which reads in part as follows:

## "ORDINANCE FOR APPROPRIATIONS

### ORDINANCE NO.
#### 1928

"An ordinance appropriating moneys for the purpose of defraying the expenses of the several departments of the city government of the City of Michigan City, Indiana, for the fiscal year beginning January 1, 1928, and ending December 31, 1928, including all outstanding claims and obligations, and fixing a time when the same shall take effect.

"Section 1. Be it ordained by the City Commission of the City of Michigan City, Indiana, That for the expenses of the city government and its institutions, for the fiscal year ending December 31, 1928, the following sums of money are hereby appropriated and ordered set apart out of the funds herein named and for the purposes herein

specified, subject to the laws governing the same. Such sums herein appropriated shall be held to include all expenditures authorized to be made during the year, unless otherwise expressly stipulated and provided by law.

"Section 2. That for the said fiscal year there is hereby appropriated out of the 'General Fund' of said city, the following:

. . . . . . . . . . .

"FIRE DEPARTMENT

| | |
|---|---:|
| Salary of Chief | $ 2,700.00 |
| Salary Asst. Chief | 2,040.00 |
| Salary Six Captains | 11,880.00 |
| Salary Six Pump Operators | 11,520.00 |
| Salary Fourteen Firemen | 24,360.00 |
| Salary Two Temp. Firemen | 1,305.00 |
| Services Contractual | 385.00 |
| Supplies | 4,410.00 |
| Current Charges | 500.00 |
| Equipment Fire Alarm | 1,000.00 |

$60,100.00

. . . . . . . . . . .

"This Ordinance shall be in full force and effect from and after its passage and approval by the Mayor.

"Introduced by:   (signed)   Carl J. Ahlgrim

"Approved September 6, 1927.

"(signed)   Wm. F. C. Dall,
Mayor

"ATTEST:

"(signed)   Edward J. Heise,
City Clerk."

Appellants insist that their salaries were fixed by the above ordinance. The appellee contends that said ordinance was an appropriation ordinance only, and that it did not fix appellants' salaries and was not a part of their contract.

The only question presented on this appeal is whether said ordinance is or is not a salary fixing ordinance.

In the case of the *City of Lafayette* v. *Keen* (1943), 113 Ind. App. 552, 48 N. E. 2d 63, an ordinance was involved, which in fact did fix the salaries of the Lafayette firemen. The City of Lafayette failed to make appropriations to pay salaries as fixed by such salary ordinance. This court held in the Lafayette case that the firemen's right to recover did not depend upon the existence of an appropriation ordinance. This court did, however, hold that the salary fixing ordinance involved in the Lafayette case was of the very essence of the firemen's contracts.

In this case now before the court, no question is presently involved concerning a failure to make appropriations. The sole point here involved is that appellants have failed to plead an ordinance fixing the salaries to which they claim they are entitled, which salary fixing ordinance is of the very essence of their contracts with the appellee City. A reading of appellants' complaint does not disclose the salaries to which appellants were entitled during the years in question, as the salary fixing ordinance then in effect has not been pleaded.

The ordinance in this case, which is now before the court, discloses that it did not fix the salaries of the appellants for the years in question and that said ordinance is solely and only an appropriation ordinance. The title and each section of the ordinance, when read and studied separately or severally, clearly discloses the purpose and intent to appropriate funds for the payment of specific items. This ordinance is clear and unambiguous and is only an appropriation ordinance. The ordinance itself is no broader than the title. It does exactly what the title

would indicate, and no more. *Marter* v. *City of Vincennes* (1948), 118 Ind. App. 586, 82 N. E. 2d 410.

Finding no reversible error the judgment is affirmed.

NOTE.—Reported in 98 N. E. 2d 923.