GALEN LINVILLE *v.* THE SHELBY COUNTY PLAN COMMISSION.

[No. 969S196. Filed May 9, 1972.]

*Donald L. Brunner, Brunner, Brown & Brunner,* of counsel, of Shelbyville, for appellant.

*Fred V. Cramer, Adams & Cramer,* of counsel, of Shelbyville, for appellee.

PRENTICE, J.—Appeal from a judgment of the Shelby Circuit Court granting a permanent injunction enjoining and prohibiting the defendant (appellant) from operating, keeping or maintaining an existing automobile wrecking yard and/or junk yard on his premises and ordering the abatement, abandonment and removal of the same.

The defendant had made use of his property for both farming and in the manner enjoined since prior to the enactment of the applicable zoning ordinance. The enjoined use is a non-conforming use under the ordinance. By his answer to the complaint, the defendant denied that his use was in violation of the ordinance, and his evidence was directed to a showing of his use, in the same manner enjoined, prior to the adoption of the ordinance and to the relative equities, in that the defendant's use of his property was an obvious and known fact prior to and at the time the complaining witnesses first devoted their neighboring properties to residential use.

The grounds of the defendant's motion for a new trial that have been pursued in this appeal charge that the decision is not sustained by sufficient evidence and is contrary to law. With regard to the second of such grounds, he has vigorously and ably argued that the Board of Commissioners was without authority to give retroactive effect to the zoning ordinance and thus legislate away his right to continue the use of his property. This, either by reason of the absence of specific authority in the legislative grant under which the ordinance was adopted, or by reason of the proscriptions of Article I, § 21 of the Constitution of Indiana and the 5th Amendment to the Constitution of the United States, or both. Defendant's arguments are persuasive, but they cannot control this appeal. This issue was not before the trial court under the pleadings. The only issue before the court was whether or not the defendant was in violation of the ordinance, a portion of which provided, "* * * No junk or automobile wrecking yard shall be operated or maintained on a non-conforming site for more than two years after the effective date of this ordinance, * * *." (Article IV, § 4 (b)). We so decided an almost identical question in *DeSchamps* v. *Board of Zoning Appeals of Kokomo* (1961), 241 Ind. 615, 174 N. E. 2d 581, where we said:

"The third specification of appellant's motion for a new trial is that the ordinance on which this action was brought,

in its application to the property of the defendant, violates the due process and the due course of law provisions of federal and state constitutions." U. S. Constitution Amendment 14; Constitution Article I, § 12.

"A search of the record discloses that this issue was first brought to the attention of the court in appellant's motion for a new trial. We have previously held that such a question is not to be presented for the first time in a motion for a new trial. Knapp v. State (1932), 203 Ind. 610, 181 N. E. 517; Jones, et ux v. Stawicki, et ux (1953), 233 Ind. 272, 111 N. E. 2d 718." 241 Ind. at 621.

In this context, it cannot be seriously urged that the evidence was insufficient. By Defendant's own evidence, he was using his property in a manner prohibited by the ordinance.

The judgment of the trial court is affirmed.

Arterburn, C. J. and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 281 N. E. 2d 884.