STATE of Indiana on relation of Allen L. AUSTIN, Plaintiff-Appellant,

v.

Randall C. MILLER, Mayor and Joseph Larocco, Mayor-Elect, Donald E. Transki, Kenneth W. Seeling, Joseph L. Tite, Craig Braje, Richard Moldenhauer, Walter M. Chapala, Richard P. Frame, William E. Whiten, and City of Michigan City, Indiana, Defendants-Appellees.

No. 3–676A147.

Court of Appeals of Indiana, Third District.

Oct. 23, 1979.

Rehearing Denied Nov. 30, 1979.

Hilbert L. Bradley, Gary, for plaintiff-appellant.

Craig V. Braje, Steven J. Henry, Michigan City, for defendants-appellees.

HOFFMAN, Judge.

Relator Allen Austin brought this suit in an attempt to enjoin the City of Michigan City from demoting him from the rank of captain in that city's fire department. Austin alleged in his complaint that the demotion, which was to take effect upon a change of administration in the City, was politically motivated and was to be effected without giving him notice of·charges and a hearing as required by a Memo of Understanding between the City and the firefighter's union and an Executive Order issued by then-mayor Randall Miller. The trial court found, however, that the agreement reached by the parties (of which the Order was a part) did not contemplate the protection of firefighters from demotions associated with a change of administration. Consequently, it denied relief.

In this appeal, Austin raises the following issues:

(1) whether his demotion without notice and hearing in violation of the Memo and the Order deprived him of his rights under Article I, §§ 1, 12 and 13 of the Indiana Constitution;

(2) whether the court below erred when it determined that the City and the union did not intend to protect firefighters from any demotions which came as a result of a change in administration; and

(3) whether the judgment below was contrary to the evidence and, therefore, contrary to law.

Each of Austin's arguments has as its basis the assumption that the Memo of Understanding and the Executive Order were parts of a valid agreement between the City and the firefighters which vested in him certain rights, including the right to remain in his rank until demoted for cause other than politics after notice of charges and a hearing. He concedes that IC 1971, 18–1–11–3 (Burns Code Ed., 1974) did not grant him such a right.[1] It follows that if Austin did have a right to continue in the rank of captain until such time as he was demoted after notice and hearing, he acquired that right by way of the Memo and/or the Order. Thus, the existence of that right is dependent upon the validity of the act—the execution of the Memo or the issuance of the Order—which purports to create it.

The record discloses that the Memo of Understanding, which was adopted in principle by the Board of Public Works and Safety, contains no provision purporting to grant to firefighters the right to notice and hearing prior to demotion. Instead, it is the Executive Order which attempts to confer that right:

"*EXECUTIVE ORDER* DECEMBER 8, 1972

UNDER THE POWERS VESTED IN ME AS MAYOR OF THE CITY OF MICHIGAN CITY, I HEREBY DECLARE THAT FROM THIS DATE FORWARD THE FOLLOWING PROCEDURE IN THE MICHIGAN CITY FIRE DEPARTMENT WILL BE STRICTLY ADHERED TO:

1. BEFORE ANY FIREMAN CAN BE DEMOTED OR SUSPENDED HE

---

1. The 1977 amendments to IC 1971, 18–1–11–3 [Acts 1977, P.L. 201, § 1, p. 903] extended the notice and hearing provisions to demotions of firefighters.

WILL BE FURNISHED A LIST OF CHARGES AGAINST HIM. THE LIST WILL BE FURNISHED TO HIM BY THE FIRE CHIEF.

2. BEFORE ANY FIREMAN CAN BE DEMOTED OR SUSPENDED HE WILL BE AFFORDED A HEARING BEFORE THE MICHIGAN CITY BOARD OF PUBLIC WORKS AND SAFETY.

/s/ Randall C. Miller

RANDALL C. MILLER

MAYOR OF THE CITY OF MICHIGAN CITY"

Thus, it is the validity of the above Order upon which the existence of Austin's right depends.

An examination of the statutes governing the operation of municipal fire forces reveals that authority over the force is divided between the executive and legislative branches of local government. The power to appoint the chief of the force lies in the mayor, IC 1971, 18–2–1–4.2(a) (Burns Code Ed.), while it is within the domain of the common council to fix the pay of firemen, and in so doing to grade the members of the force according to rank and length of service. The council may also determine the number of members of the force, may promulgate rules and regulations and shall divide the city into fire districts. IC 1971, 18–1–11–2 (Burns Code Ed.); *City of Fort Wayne v. Bentley* (1979), Ind.App., 390 N.E.2d 1096. *See also, State ex rel. Warzyniak v. Grenchik* (1978), Ind.App., 379 N.E.2d 997. Subject to the above limitations, however, the power to manage and control the fire force is in the board of public safety. IC 1971, 18–1–11–1 (Burns Code Ed.).

■ In summary, there is no statutory authority for the proposition that the mayor, by executive order or otherwise, may grant to firefighters the right to notice and hearing prior to demotion. *Cf.: City of South Bend v. Krovitch* (1971), 149 Ind.App. 438, 273 N.E.2d 288. The Executive Order relied upon by Austin could therefore vest in him no right to continue in the rank of captain.

■ As noted earlier in this opinion, each of Austin's arguments has as its fundamental premise the assumption, now determined to be erroneous, that he possessed a right to continued employment at the rank of captain. Since Austin had no such right, there was nothing of which he could be deprived in an unconstitutional manner. Furthermore, the fact that the City and the union had no power to protect firefighters in the way that they sought to do so renders any discussion of the evidence of their intent to do so unnecessary.

The judgment below is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.