CITY OF GARY, Indiana; Richard Gordon Hatcher, Mayor of the City of Gary, Indiana; Henry Coleman, Controller of the City of Gary, Indiana, Appellants (Defendants Below),

v.

STATE of Indiana ex rel. Adrian PARIS, on behalf of himself and all other members of the Police Department of the City of Gary, Indiana, et al., State of Indiana ex rel. Hugh Blackwell, et al.; and State of Indiana ex rel. Gary Firemen's Pension Board, Appellees (Plaintiffs Below).

No. 3–380A73.

Court of Appeals of Indiana, Third District.

July 16, 1980.

Rehearing Denied Aug. 21, 1980.

Linda Copeland Drake and Charles A. Ruckman, Gary, for appellants.

Lee J. Christakis and Richard C. Wolter, Jr., Gary, for appellees Paris et al.

Hilbert L. Bradley, Gary, for appellees Blackwell et al.

Jack G. Willard, Merrillville, for appellee Gary Firemen's Pension Bd.

HOFFMAN, Judge.

This class action was initiated by Adrian Paris on behalf of himself and all other members of the Police Department of the City of Gary against the City of Gary, the Mayor, and the City Controller. Plaintiffs sought an order mandating the defendants to comply with Municipal Ordinances Nos. 5504 and 5505 which established the 1979 salaries of policemen and firemen. The Gary Firefighters Association was later joined as a party plaintiff, representing all members of the Gary Fire Department, and the Gary Firemen's Pension Board was also allowed to intervene.

In July 1978 Mayor Richard Hatcher presented his proposed salary ordinance to the Common Council and recommended a 5% salary increase for all city employees including policemen and firemen. The Common Council adopted all parts of the

ordinance except those sections relating to police and fire department salaries.

In August 1978 the Mayor presented his proposed operating budget and appropriation ordinance to the Common Council. The Council adopted the 1979 Operating Budget with reductions in several items and increases in other items which involved salaries for policemen and firemen.

On September 11, 1978 the Mayor vetoed the increase which the Common Council had added to the appropriation ordinance. The Council subsequently passed Ordinances 5504 and 5505 which set the salaries and additional compensation for the police and fire departments and allowed an 8.1% average pay increase. The Mayor vetoed these ordinances and the Council then voted to override the mayoral veto.

Litigation was commenced to mandate compliance with the salary ordinances and the trial court entered judgment for the plaintiffs. The City now brings this appeal.

The sole issue presented for review is whether the power of the Common Council to establish the annual pay of policemen and firemen is absolute and constitutes an exception to IC 1971, 18–1–6–6 (Burns Code Ed.). The relevant portion of that statute states:

"It shall be the duty of the committee of finance of the common council thereupon to prepare an ordinance fixing the rate of taxation for the ensuing year, and also an ordinance making appropriations by items for the use of the various executive departments and other city purposes for the ensuing year. Such ordinance may reduce any estimated item for any executive department, from the figure submitted in the report of the city controller, but shall not increase the same unless recommended by the mayor."

Appellants contend that the Mayor is granted sole authority to submit and recommend appropriations to the Common Council. The Council may then decrease any items which it deems necessary but increased appropriations require the Mayor's recommendation. The City applies this statute to the disputed salary ordinances and concludes that the ordinances are invalid.

The argument propounded by the policemen and firemen states that the Common Council's power to set both the rate of compensation and the manner of fixing the compensation is unrestricted and constitutes an exception to the procedures established for other city employees in IC 1971, 18–1–6–6. Statutes supporting this position are IC 1971, 18–1–11–2, which reads in part:

"The annual pay of all policemen, firemen and other appointees shall be fixed by ordinance of the common council; and it shall be lawful in such ordinance to grade the members of such forces and to regulate their pay, not only by rank, but by their length of service."

and IC 1971, 18–2–1–10, which states:

"The salaries of each and every appointive officer, employee, deputy, assistant and departmental and institutional head shall be fixed by the mayor subject to the approval of the common council: Provided, That the provisions of this subsection shall not apply to *the manner of fixing and the amount of compensation paid* by any city to the members of the police and fire departments." (Emphasis added.)

In clear and unambiguous terms, these statutes reserve to the Common Council the responsibility for setting the salaries of policemen and firemen. *See: Orban et al. v. Allen et al.* (1968), 143 Ind.App. 513, 241 N.E.2d 378; *State ex rel. Austin v. Miller* (1979), Ind.App., 395 N.E.2d 830; and 1968 Op.Ind.Att'y Gen. No. 46. In its brief, the City admits the authority of the Council to fix these salaries.

The crux of the City's argument is that the Council is without authority to appropriate funds for salaries above the amount recommended by the Mayor. The practical consequence of this position is that the salary ordinance passed by the Common Council is meaningless. The Mayor retains control of the salaries by controlling the appropriations recommendation. This interpretation completely undermines the legislative intent of IC 1971, 18–1–11–2 and 18–2–1–10.

It is illogical to allow the Mayor to circumvent the clear statutory procedure.

In the instructive case of *City of Lafayette v. Keen* (1943), 113 Ind.App. 552, 48 N.E.2d 63, the City of Lafayette attempted to reduce the salaries of its firemen through the sole device of failing to appropriate sufficient funds. The court ruled at 69 of 48 N.E.2d:

> "When the Legislature provided for the employment of firemen for a continuous and indefinite period of time to be terminated for cause after proper notice and hearing, it cast a mandatory duty upon the common council to appropriate annually sufficient money to pay their salaries for the ensuing year as the same might be fixed by ordinance. This being appellant's [City of Lafayette] plain duty the appellees' right to recover does not depend upon the existence of an appropriation as otherwise such duty could be avoided and set to naught by a failure to perform it."

*See: Dabagia v. Michigan City* (1951), 121 Ind.App. 542, 98 N.E.2d 923.

Therefore, the Common Council of the City of Gary has the sole authority to set the salaries of the police and fire departments and the City has a mandatory duty to pay the same whether or not there is an appropriation.

The judgment of the trial court is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.