**The FORT WAYNE PATROLMAN'S BENEVOLENT ASSOCIATION, INC., Plaintiff-Appellant,**

v.

**The CITY OF FORT WAYNE, Defendant-Appellee.**

**No. 3–877A214.**

Court of Appeals of Indiana, Fourth District.

Aug. 25, 1980.

Rehearing Denied Oct. 15, 1980. See 411 N.E.2d 630.

**CHIPMAN, Judge.**

Fort Wayne Patrolman's Benevolent Association, Inc., (PBA) appeals from a grant of summary judgment in favor of the City of Fort Wayne. The PBA argues the trial court's judgment should be reversed because it was premised upon an erroneous interpretation of the Public Employee Labor Relations Act, Ind.Code 22–6–4–1 to 22–6–4–13 (hereinafter, the Act). The PBA also argues that since this Act was declared unconstitutional by our Supreme Court after the entry of summary judgment herein,[1] this judgment should be reversed. According to the PBA, summary judgment should be entered, instead, in its favor since the PBA takes the position it is entitled to judgment as a matter of law.

Because we agree with the trial court that there are no genuine issues as to any material facts and that the City of Fort Wayne is entitled to judgment as a matter of law, we affirm the trial court's entry of summary judgment in favor of the City of Fort Wayne and its denial of the PBA's motion for summary judgment. We also affirm the court's judgment in so far as it held the collective bargaining agreement entered into by the former Mayor of Fort Wayne and representatives of the PBA was void.

Judgment affirmed.

■ Granting a motion for summary judgment is proper only when the pleadings and other matters filed with the court reveal there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Rules of Trial Procedure, Trial Rule 56(C); *Randolph v. Wolff*, (1978) Ind.App., 374 N.E.2d 533; *Johnson v. Motors Dispatch, Inc.*, (1977) Ind.App., 360 N.E.2d 224. A material fact is one which tends to facilitate the resolution of any of the issues either for or against the party having the burden of persuasion on that issue. *Stuteville v. Downing*, (1979) Ind.App., 391 N.E.2d 629. In determining whether such a genuine is-

Stephen L. Williams, Snouffer, Haller & Colvin, Fort Wayne, for plaintiff-appellant.

William N. Salin and Larry J. Burke, Carol A. Angel, Associate City Atty., Fort Wayne, for defendant-appellee.

1. *Indiana Education Employment Relations Board v. Benton Community School Corpora-* *tion*, (1977) Ind., 365 N.E.2d 752.

sue of material fact exists, the facts set forth by the opponent must be taken as true, and all doubts are resolved against the proponent of the motion. *Crase v. Highland Village Value Plus Pharmacy*, (1978) Ind.App., 374 N.E.2d 58. Even though there are conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact which is dispositive of the litigation. *Stuteville v. Downing, supra; Hayes v. Second National Bank of Richmond*, (1978) Ind.App., 375 N.E.2d 647.

In the case at bar, neither party contends there is any genuine issue of material fact. According to the PBA, "the inquiry on appeal is confined to questions of law," which when properly resolved, show the PBA is entitled to judgment in its favor as a matter of law. After reviewing the record, we find we are constrained to disagree with the PBA.

The record shows that on August 8, 1975, Ivan Lebamoff, as Mayor of the City of Fort Wayne, entered into a Recognition Agreement with the PBA, under the terms of which the City of Fort Wayne purportedly recognized the PBA as the collective bargaining representative of all Fort Wayne patrolmen. Approximately two months later, on October 7, 1975, the Fort Wayne Common Council passed a resolution approving the Recognition Agreement between the Mayor and the PBA. This resolution provided:

"WHEREAS, heretofore the City of Fort Wayne, Indiana by its Mayor has recognized that Fort Wayne Patrolman's Benevolent Association, Inc. represents a majority of those officers of the Fort Wayne, Indiana Police Department, both uniform and non-uniform, holding the rank of Patrolman, but expressly excepting civilian employees of said Fort Wayne Police Department; and,

WHEREAS, a copy of said Agreement is attached hereto and marked Exhibit A;[2] and,

WHEREAS, Fort Wayne Patrolman's Benevolent Association, Inc. has requested the Common Council of the City of Fort Wayne to join in said recognition by the Mayor of the City of Fort Wayne of said Patrolman's Benevolent Association, Inc.; and,

WHEREAS, the Common Council of the City of Fort Wayne after due consid-

---

2. "Exhibit A" which was a copy of the August 8, 1975, Recognition Agreement stated:

"This Agreement made and entered into this 8th day of August, 1975, by and between the CITY OF FORT WAYNE, ALLEN COUNTY, INDIANA, and all appropriate subordinate organizations under the authority of the City of Fort Wayne, Allen County, Indiana, and the FORT WAYNE PATROLMAN'S BENEVOLENT ASSOCIATION, INC.

WHEREAS, the CITY OF FORT WAYNE, ALLEN COUNTY, INDIANA, has *recognized* that the FORT WAYNE PATROLMAN'S BENEVOLENT ASSOCIATION, INC., represents a majority of employees in the units as described in the attachment hereto, and;

WHEREAS, FORT WAYNE PATROLMAN'S BENEVOLENT ASSOCIATION, INC., has requested the CITY OF FORT WAYNE, ALLEN COUNTY, INDIANA, to grant it recognition as the collective bargaining representative for the employees in the units as described in the attachment hereto;

NOW, THEREFORE, the CITY OF FORT WAYNE, ALLEN COUNTY, INDIANA, recognizes the FORT WAYNE PATROLMAN'S BENEVOLENT ASSOCIATION, INC., as the collective bargaining representative for the employees in the units described in the attachment hereto and the FORT WAYNE PATROLMAN'S BENEVOLENT ASSOCIATION, INC., hereby agrees to represent the employees in the units as described in the attachment hereto.

ATTACHMENT TO RECOGNITION AGREEMENT

The units for which the FORT WAYNE PATROLMAN'S BENEVOLENT ASSOCIATION, INC., has been recognized as the bargaining agent for are as follows, to-wit:

All of those officers of the Fort Wayne, Indiana Police Department, both uniformed and non-uniformed, holding the rank of patrolman but expressly excepting therefrom civilian employees of the Fort Wayne Police Department.

TERM OF AGREEMENT

This agreement shall be effective as of the 8th day of August, 1975, and shall remain in full force and effect through the 31st day of December, 1977, and/or until such time a contract is entered into by and between the CITY OF FORT WAYNE, ALLEN COUNTY, INDIANA, and the FORT WAYNE PATROLMAN'S BENEVOLENT ASSOCIATION, INC.

eration of the matter has concurred in said recognition of said Fort Wayne Patrolman's Benevolent Association, Inc., as the collective bargaining representative for the Police Officers in the units described in said attached Exhibit A hereto; NOW THEREFORE BE IT RESOLVED: That the Common Council of the City of Fort Wayne, Indiana hereby joins in the Mayor's recognition of Fort Wayne Patrolman's Benevolent Association, Inc. as the exclusive bargaining representative for the officers in the units described in attached Exhibit A hereto, and does further approve said Exhibit A attached hereto.

Following recognition of the PBA as the collective bargaining representative for patrolmen, the Mayor, through his representatives entered into a process of collective bargaining with the PBA which culminated on November 25, 1975, when a collective bargaining agreement was reached. This agreement was designed to determine the wages, hours, and working conditions of Fort Wayne patrolmen. It was allegedly executed for the City of Fort Wayne by two negotiators and approved by the Mayor.

In January 1976 a new mayoral administration assumed office and thereafter notified the PBA it was disaffirming the collective bargaining agreement:

This letter is written to you on behalf of the City of Fort Wayne in connection with the purported contract dated November 24, 1975, but signed November 25, 1975, by Messrs. Raymond E. Nelson and James M. Huntine, negotiators for the City of Fort Wayne and approved by Ivan A. Lebamoff, former Mayor of the City of Fort Wayne. This purported contract also was signed by . . . individuals representing the Patrolmen's Benevolent Association, Indiana Chapter # 1.

As you know, this purported contract has not been adopted, ratified, nor executed by the Board of Safety, nor by the Common Council of the City of Fort Wayne. No funds have been appropriated to provide for the financial benefits contemplated over and above the present salary and benefits schedule.

. . . . .

The purpose of this letter is to formally notify you that the contract is disaffirmed by Mayor Armstrong prior to the contract being submitted to the Board of Safety and the Common Council of the City of Fort Wayne. That action of the former Mayor of the City of Fort Wayne in approving said contract and the action of the negotiators for the City of Fort Wayne in executing said contract is hereby revoked.

The dispositive issue is whether the City had the right to refuse compliance with this agreement.

The PBA contends the collective bargaining agreement was a valid and binding contract, the validity of which the City should have been estopped from denying. According to the PBA, as a matter of law, it is entitled to summary judgment in its favor upholding the validity and enforceability of this agreement. It argues governmental entities have the implicit authority to recognize exclusive bargaining representatives of public employees—including policemen, to bargain collectively with such representatives, and to enter into valid and binding collective bargaining agreements.

The trial court held the collective bargaining agreement was void based upon its interpretation of the legislature's intent in excluding policemen from the Act. The court concluded the exclusion of policemen from the Act's provisions for collective bargaining between public employees and their governmental employer was intended to operate as a prohibition upon police participating in collective bargaining; consequently, the court declared the collective bargaining agreement was void and entered summary judgment in favor of the City on April 20, 1977.

■■■ It is apparent the court's entry of summary judgment was based upon its interpretation of the Act. July 12, 1977, the Indiana Supreme Court held this Act, IC 22–6–4–1 to 22–6–4–13, was unconstitution-

al. *Indiana Education Employment Relations Board v. Benton Community School Corporation*, (1977) Ind., 365 N.E.2d 752. This decision came approximately one month after the PBA's motion to correct errors had been denied. On appeal, the City argues that since the PBA failed to challenge the constitutionality of the Act in the trial court, any issue regarding its constitutionality may not be addressed now on appeal, including addressing the question the PBA poses regarding what effect the Indiana Supreme Court's holding in *Benton* should have upon this entry of summary judgment. We note that while an attack upon the constitutionality of a statute may not be first launched at the appellate level, *Linville v. Shelby County Plan Commission*, (1972) Ind., 281 N.E.2d 884; *In re Wardship of Bender*, (1976) Ind.App., 352 N.E.2d 797, since allegations of error must be properly raised in the trial court in order to be preserved for appellate review, *Southerland v. Calvert*, (1974) Ind.App., 320 N.E.2d 803, this maxim is inapposite to the situation at bar. There clearly is a distinction between arguing we should find a statute unconstitutional as opposed to asking us to recognize that a statute has been declared unconstitutional while a case was awaiting appellate review. In the former case we are being asked to find the law void; in the latter, we are merely being asked to be cognizant of its voidance. In arguing we should decide this case in light of *Benton*, we do not believe the PBA has improperly raised a constitutional challenge for the first time on appeal.

■ The City has also asserted *Benton* should not apply because appellate decisions declaring statutes unconstitutional are not given retroactive effect. The cases cited by the City, however, are not controlling since they involve claims of false imprisonment, *Mitchell v. Drake*, (1977) Ind.App., 360 N.E.2d 195, or instances where a party is seeking to reopen a judgment which has become final due to the party's failure to perfect an appeal. *Martin v. Ben Davis Conservancy District*, (1958) Ind., 153 N.E.2d 125; *Sheraton Corporation of America v. Korte Paper Company, Inc.*, (1977) Ind.App., 363 N.E.2d 1263.

"Where a court of competent jurisdiction, before the statute has been declared unconstitutional, renders a judgment based upon the statute from which judgment no appeal is taken, the judgment is binding upon the parties thereto. . . A judgment in another case later declaring the law unconstitutional cannot have a retroactive effect upon prior judgments based upon the same legislation *in cases from which no appeal was taken and where the judgments have become final.* (emphasis added)

*Martin v. Ben Davis Conservancy District*, (1958) Ind., 153 N.E.2d 125, 128.

The case at bar has not yet completed the appellate process; it remains justiciable. Therefore, we are of the opinion *Benton* should not be excluded from our consideration of this appeal. *See* 2 I.L.E. Appeals § 651. We are also, however, of the opinion that the parties have needlessly exerted this effort in arguing the applicability of *Benton* since we hold that regardless of whether IC 22–6–4–1 to 22–6–4–13 is viewed as constitutional or unconstitutional for purposes of reviewing this appeal, this will not alter our affirmance of the trial court's order holding this collective bargaining agreement was void and the City was entitled to summary judgment in its favor.

■ It is axiomatic that the judgment of a trial court will generally be affirmed on appeal if sustainable on any basis. *Ertel v. Radio Corporation of America*, (1976) Ind.App., 354 N.E.2d 783; *Town of Highland v. Powell*, (1976) Ind.App., 341 N.E.2d 804. It is, however, well established that in granting a motion for summary judgment, trial judges have been asked to state their reasons for granting summary judgment with particularity, *Singh v. Interstate Finance of Indiana No. 2, Inc.*, (1969) Ind.App., 246 N.E.2d 776, although under our present rules, there is *no* specific requirement that they do so. *Ahnert v. Wildman*, (1978) Ind.App., 376 N.E.2d 1182. The logical impetus behind preferring that courts state their reasons is to relieve the parties involved as well as this Court from facing the arduous task of searching the record for any basis

upon which the trial court's action could be affirmed and also, to afford the appellant the opportunity to address the merits of the court's rationale. Consequently, in determining the propriety of a summary judgment, we would ordinarily confine our review to the reasons given by the trial court. We do not, however, believe this court is precluded from affirming a summary judgment which is in the last analysis correct, although rendered upon a different theory than that upon which it is sustained particularly where, as in the case at bar, both parties have addressed the merits of the theory upon which the judgment is affirmed.

■ It is clear the sole reason stated by the trial court for entering summary judgment rested upon its interpretation of the Public Employee Labor Relations Act. On appeal, the PBA has attacked not only this entry of summary judgment but also has argued it was erroneous to deny the PBA's summary judgment motion. The PBA contends it is entitled to summary judgment as a matter of law. In arguing why it is entitled to summary judgment, the PBA contends the collective bargaining agreement was validly entered into. The City, on the other hand, maintains that former Mayor Lebamoff acted beyond the authority of his office when he approved this agreement and, therefore, the agreement is void, and the City may refuse compliance. We find the resolution of this issue—which both parties have addressed in their briefs as well as during oral argument, is completely determinative of this appeal and that it would, therefore, be an exercise in futility to address the question of whether the trial court correctly interpreted the Act.

Assuming *arguendo* the PBA is correct when it asserts policemen could select a collective bargaining representative who could bargain collectively with regard to their wages, hours, and working conditions, and could enter into a valid and binding collective bargaining agreement on their behalf, we reject the PBA's further assertions that Mayor Lebamoff had the authority to bind the City of Fort Wayne to such an agreement. At page 16 of its reply brief the PBA argues:

"The City is now estopped to deny its [the collective bargaining agreement's] validity because of the *technical* failure of the Common Council to ratify it or appropriate funds for its implementation. Each of the public officials involved was statutorily empowered to act." (emphasis added)

And at page 18, the PBA goes on to add:

"The failure of the Board of Safety to ratify the agreement is a *matter of form, rather than substance*, and does not invalidate the contract." (emphasis added)

We cannot agree with these propositions. It is the opinion of this court that requiring compliance with the statutes enacted by the Indiana Legislature does not exalt form over substance. The procedures set forth by the Legislature are mandatory. Thus, the failure to comply with the statutes is fatal—not technical.

■ Municipal corporations are creatures of the state. *City of South Bend v. Krovitch*, (1971) Ind.App., 273 N.E.2d 288. As such, every party dealing with a municipality is bound to take notice of the limitations on its powers and the laws governing the municipality in making contracts. *Hamer v. City of Huntington*, (1939) Ind., 21 N.E.2d 407; *City of Frankfort v. Logan*, (1976) Ind.App., 341 N.E.2d 510. In dealing with a city, you cannot plead ignorance of the laws and thereby make valid an otherwise invalid agreement.

■ An examination of the statutes governing the wages and operation of the police force readily reveals the Mayor had no authority to bind the City to an agreement fixing the salaries of patrolmen. Ind. Code 18–2–1–10(b) provides:

"The salaries of each and every appointive officer, employee, deputy, assistant and departmental and institutional head shall be fixed by the mayor subject to the approval of the common council: Provided, That the provisions of this subsection shall not apply to the manner of fixing and the amount of compensation paid by any city to the members of the police and fire departments."

The purpose of this statute was undoubtedly to vest in the Mayor the power to fix the salaries of employees in the administrative and executive branches of the city *except* for members of the police department, *cf. City of Lafayette v. Keen*, (1943) Ind.App., 48 N.E.2d 63, whose salaries were to be fixed by the Common Council. Ind.Code 18–1–11–2; *City of Gary v. State ex rel. Paris*, (1980) Ind.App., 406 N.E.2d 1247; 1968 Ind.Att'y Gen.Ops., No. 46; *cf. State ex rel. Austin v. Miller*, (1979) Ind.App., 395 N.E.2d 830.

The Common Council had the exclusive authority to set the salaries of members of the Fort Wayne police department. Ind. Code 18–1–11–2 in pertinent part provides:

> "The annual pay of all policemen, . . shall be fixed by ordinance of the common council; and it shall be lawful in such ordinance to grade the members of such forces and to regulate their pay, not only by rank, but by their length of service."

Subject to this limitation, the Board of Public Safety retained the power to manage and control the police force. Ind.Code 18–1–11–1 and 2; *see also State ex rel. Mavity v. Tyndall*, (1946) Ind., 66 N.E.2d 755. Thus, the Mayor had no statutory authority to bind the City of Fort Wayne to this collective bargaining agreement.

■ We also reject the PBA's argument that the Common Council's resolution approving the Mayor's earlier recognition of the PBA authorized the Mayor to enter into this agreement for the City. Our examination of this resolution shows the Council approved the recognition—but it did nothing more. The resolution is devoid of any language authorizing the Mayor to enter into this collective bargaining agreement.

The Mayor had neither the statutory authority to bind the City to this agreement nor the authority of the Common Council to act in their behalf and enter into such an agreement. His actions were, therefore, an usurpation of unwarranted power, not authorized by the Common Council's resolution or any legislative enactment of the State of Indiana. As a result, the collective bargaining agreement was void, *see* 1944 Ind.Att'y Gen.Ops., No. 55, and the City had the right to refuse compliance.

> "[I]n general, *a municipality is not estopped from denying the validity of a contract made by its officers when there has been no authority for making such a contract.*" (original emphasis)

*City of Frankfort v. Logan*, (1976) Ind.App., 341 N.E.2d 510, 514.

We affirm the trial court's order holding this contract was void and consequently, affirm its entry of summary judgment in favor of the City of Fort Wayne.

YOUNG, P. J., and HOFFMAN, J. (sitting by designation), concur.