**In the Matter of The PATERNITY OF A.R.R.**

**S.R., Appellant–Petitioner,**

v.

**P.C., Appellee–Respondent.**

**No. 49A05–9305–JV–174.**

Court of Appeals of Indiana, Fifth District.

May 25, 1994.

Candace W. Trivedi, Indianapolis, for appellant.

Thomas J. Ruble, Indianapolis, for appellee.

SHARPNACK, Chief Judge.

S.R. appeals the trial court's order of December 22, 1992, in S.R.'s action against P.C. to determine the paternity of S.R.'s daughter A.R.R. and to resolve issues of custody, visitation, and child support, among other matters. We affirm in part and reverse in part.

S.R. presents three issues for our review, which we restate as follows:

1. whether the court erred in granting S.R. supervised visitation only;

2. whether the court abused its discretion in denying S.R.'s requests for the appointment of a guardian *ad litem* for A.R.R. and for the completion of a homestudy; and

3. whether the standard for modification of custody in Indiana's paternity statute violates the equal protection clauses of the constitutions of Indiana and United States.

*Facts*

A.R.R. was born to S.R. on November 11, 1987. Paternity was not established at that time, and A.R.R. remained in the custody of her mother. In the spring of 1991, S.R. discovered that A.R.R. had been molested by J.R., S.R.'s brother. In August, 1991, A.R.R. told P.C.'s wife, V.C., about the molestations. V.C. reported the molestation to the police, and consequently charges were filed against J.R. J.R. pleaded guilty, and S.R. was later charged with failure to report child abuse, to which she pleaded guilty on December 30, 1991.

S.R. filed a paternity action against P.C. on August 19, 1991. P.C. filed his response on September 16, 1991, acknowledging paternity of A.R.R. On September 19, 1991, the parties filed an agreed entry providing that P.C. would have custody pendente lite and that S.R. would have reasonable visitation.

In January, 1992, the court granted P.C.'s petition for a visitation review by the Domestic Relations Counseling Bureau. On February 10, 1992, S.R. moved for a hearing to show cause, alleging that P.C. was in contempt by denying her reasonable visitation. On April 9, 1992, after a hearing, the court found that P.C. was not in contempt and that his failure to adhere to the agreed entry had been justified. The court ordered that S.R. was to have supervised visitation with A.R.R. pending S.R.'s participation in parenting classes and counseling. P.C. filed an amended counter-petition to establish paternity on April 14, 1992, requesting permanent custody of A.R.R. On April 30, 1992, S.R. petitioned the court to appoint a guardian *ad litem* for A.R.R. On May 14, 1992, the court denied S.R.'s request.

Further hearings were held in the matter of A.R.R.'s paternity and related matters on August 24, 1992, October 2, 1992, and December 14, 1992. The court's final decision, entered December 22, 1992, awarded custody to P.C. and ordered that supervised visitation continue for S.R. subject to the discretion of the court-appointed family therapist.

I

S.R. argues that the court erred in granting S.R. supervised visitation only. Specifically, S.R. argues (1) that the court's final order is unsupported by probative evidence because the court failed to make findings of fact or to express what factors it considered, and (2) that the court erred in delegating discretion regarding supervision of S.R.'s visitation with A.R.R. to the Family Connection Center and its employee, therapist Joanne Bates.

S.R. acknowledges that decisions involving visitation rights are committed to the sound discretion of the trial court and will be reversed on appeal only upon a showing of an abuse of discretion. *Matter of Paternity of Joe* (1985), Ind.App., 486 N.E.2d 1052, 1055.

> "An abuse of discretion exists, as a general rule, where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the trial court or the reasonable, probable and actual deductions to be drawn therefrom. *K.B. v. S.B.* (1981), Ind.App., 415 N.E.2d 749. Put differently, this court will find no abuse of discretion if there is substantial probative evidence to support the conclu-

sion of the trial court. *Griffith v. Webb* (1984), Ind.App., 464 N.E.2d 384.... The trial court's discretion is limited in a case such as the present case, however, to the extent that it must be exercised in furtherance of the child's best interests."

*Matter of Joe,* 486 N.E.2d at 1055.

■ As to S.R.'s first contention, the record shows that the trial court refused S.R.'s motion for findings of fact and conclusions of law because it was not filed until the commencement of court proceedings on December 14, 1992, the fourth and final hearing in the case. Under Ind.Trial Rule 52(A), the trial court may make findings of fact upon its own motion or "the written request of any party filed with the court prior to the admission of evidence." T.R. 52(A). Because evidence had been admitted prior to S.R.'s motion, the court acted within its discretion in denying the motion.

■ S.R. contends collaterally that the court failed to state explicitly the factors it considered in making its visitation determination. S.R. alleges that the court was required to consider the factors enumerated in Ind.Code § 31–6–6.1–11 for use in determining custody. S.R.'s argument is without merit. The relevant statutory provision is I.C. § 31–6–6.1–12, which provides general standards for the grant, denial, or modification of visitation rights for a noncustodial parent. The statute contains no requirement that the court set forth in its decision the factors that influenced its determination.[1]

■ As to S.R.'s second contention, after an examination of the applicable statutory provisions, we find that the trial court erred in delegating discretion over the frequency and supervision status of S.R.'s visitation with A.R.R. to the Family Connection Center and Joanne Bates.

The court's order reads in pertinent part as follows:

"[V]isitation at Family Connection Center will continue with the same frequency and duration that is now occurring. This Visitation is to be fully supervised until Family Connection Center feels mother is no longer acting against Family Connection Center's rules. Visitation is to be increased upon therapist's recommendations, therapist being, Joanne Bates."

Record, p. 93.

Under I.C. § 31–6–6.1–10(a), in determining issues of support, custody, and visitation, the court may order a caseworker to prepare a report to assist its determination. Thus, it was appropriate for the trial court to seek the recommendations of the Family Connection Center and Joanne Bates in determining visitation.

However, I.C. § 31–6–6.1–12(b) provides that "[t]he *court* may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child." I.C. § 31–6–6.1–12(b) (emphasis added). In other words, a modification of visitation may not be granted absent a determination by the court that the modification would serve the best interests of the child. No statute permits this determination to be delegated to a caseworker, probation officer, guardian, or other authority, and to do so would be to undermine the safeguards inherent in reserving to a detached and impartial court the task of weighing the many considerations relevant to visitation. By authorizing the Family Connection Center to determine when supervised visitation is no longer needed and when the frequency of visitation may be increased, the court impermissibly endowed that agency with judicial powers.

Accordingly, we reverse the trial court's order as to visitation and remand to the trial court for a redetermination of visitation in accordance with this opinion.

## II

S.R. next argues that the court erred in denying S.R.'s motions for appointment of a

---

1. In *Matter of Paternity of Joe,* the court asserted its belief that the considerations enumerated in I.C. § 31–6–6.1–11(a) for purposes of determining custody "properly may be applied in determining the best interests of the child for purposes of child visitation." 486 N.E.2d 1052,

1056 n. 2. This statement is not tantamount to a requirement that those considerations be applied in all child visitation cases, nor is it a requirement that the factors entering into the court's determination be expressed in its decision.

guardian *ad litem* and for the completion of a homestudy.

■ Under I.C. § 31–1–11.5–28, a court may appoint a guardian *ad litem* or court-appointed special advocate at any time to represent the child's interests. Except under the narrow circumstances set forth in our recent opinion in *In re H.J.F.*, Ind.App., 634 N.E.2d 551, the appointment of a guardian *ad litem* in paternity actions is not mandatory; it is, rather, a matter entrusted to the sound discretion of the trial court. *Schenk v. Schenk* (1991), Ind.App., 564 N.E.2d 973, 979. A guardian *ad litem* is a person appointed by a court "to represent and protect the best interests of a child and to provide that child with services requested by the court, including researching, examining, advocating, facilitating, and monitoring the child's situation." I.C. § 31–6–1–18. Under Ind.Trial Rule 17(C), if a minor is not represented or is not adequately represented in an action in which the minor is a party, "the court shall appoint a guardian *ad litem* for him." T.R. 17(C).

S.R. first requested the appointment of a guardian *ad litem* in a petition to the court on April 30, 1992, which was denied, then renewed her request on September 30, 1992, which was also denied. On November 10, 1992, S.R. requested a homestudy to be performed by a guardian *ad litem* or the Marion County Welfare Department to determine the suitability of the parties' respective homes for raising a child. That request was also denied. The record contains no statement by the court revealing its reasons for denying S.R.'s motions.

■ S.R. argues that a guardian *ad litem* was required in the present case because the parents were at odds as to what would be in the best interests of the child. S.R. cites *In re S.R.I.* (1992), Ind., 602 N.E.2d 1014, for the proposition that the child's status as "most interested party" in a paternity proceeding demands the appointment of a guardian *ad litem*. We disagree. Both *S.R.I.* and *H.J.F.*, *supra*, can be distinguished on their facts. In those cases, a putative father challenged the paternity of a presumptive father, thereby threatening the child's fundamental relationship with that parent. In the present case, paternity had

been stipulated in the parties' agreed entry, and the issues before the trial court were matters of custody, visitation, support, and the payment of various medical, legal, and counseling expenses. Serious as those issues are, no interests so fundamental as paternity were at stake. Indeed, if a disagreement over the best interests of the child were determinative of the appointment of a guardian *ad litem*, a guardian would be required in every custody dispute. In fact, it is the function of the court to resolve such disputes, and the court's determination in such cases is always governed by the policy that the welfare of the child is paramount in a paternity action. *O.S. v. J.M.* (1982), Ind.App., 436 N.E.2d 871, 873. Thus, under the circumstances of the present case, we do not believe the court abused its discretion in denying S.R.'s motions for the appointment of a guardian *ad litem*.

■ We also find that the court did not abuse its discretion in denying S.R.'s motions for a homestudy. Prior to the commencement of the hearings, the Domestic Relations Counseling Bureau of the Marion County Courts (DRCB) interviewed S.R., P.C., and other family members, prepared a report for the court outlining the family situation, and made recommendations concerning custody and visitation. During the four hearings, which took place between April 4, 1992 and December 14, 1992, the court heard evidence from representatives of social service agencies which had been involved in the case, including the DRCB, the Family Connection Center, and the Family Service Association. The court also heard testimony from the parents, their respective spouses, and other family members. Thus, the court received the benefit of a great deal of information about A.R.R.'s family situation and the capabilities of both her parents and extended family to provide her with a stable, nurturing home. The court did not abuse its discretion in determining that no further homestudy was necessary to determine the suitability of the parties' respective homes for raising a child.

### III

■ S.R.'s final argument challenges the constitutionality of the standard for mod-

ification of custody in Indiana's paternity statute. We may not consider this issue, as it was not presented to the trial court. Questions regarding the constitutionality of a statute must be raised in the trial court before the filing of the motion to correct errors. *Lutheran Hospital of Ft. Wayne, Inc. v. Department of Public Welfare of Allen County* (1979), Ind.App., 397 N.E.2d 638, 645; *Linville v. Plan Commission* (1972), 258 Ind. 467, 281 N.E.2d 884, 885. This issue, therefore, has not been preserved for our consideration.

Accordingly, the judgment of the trial court is reversed and remanded to the trial court for a redetermination of visitation, and affirmed in all other respects.

BARTEAU and STATON, JJ., concur.