SHEPARD, Chief Justice,
concurring.
The complicated order of events in this case and the way in which the litigants have positioned themselves makes the task of statutory interpretation more difficult than usual. There are grounds on which I anticipated that Utility Center might prevail, but those grounds turn out not to have been part of how the situation or the litigation evolved.
I see the events that unfolded during the spring of 1999 as having been both favorable to the desires of the present owners and unfavorable to them.
*462 The Utilities Regulatory Commission had received complaints about inadequate service provided by Utility Center, Inc., since at least 1988. The tools the Commission possessed for dealing with such situations were at that time limited and somewhat traditional: a series of orders that could in theory lead to a revocation of the license. Still, the Commission was certainly engaged in deploying those tools in an effort to produce better water for consumers in Allen County. The Commission had issued multiple findings about the adequacy of service and multiple orders directed at dealing with the failures that were apparent. Utility Center, Inc., Causes No. 38686 and 38846, 1991 Ind. PUC Lexis 127, 11 (IURC 4/17/91) (“As a practical matter, then, Petitioner’s treatment plant is therefore nonfunctional, as is a significant portion of its collection system.”); Utility Center, Inc., Cause No. 41187, 1999 PUC LEXIS 12 (IURC 2/25/99). The owners of Utility Center had sometimes resisted these efforts. Id. at 2 n. 1.
The Commission’s latest orders were in place as the General Assembly considered the amendments that became I.C. 8-1-30, or “Chapter 30.” Against the backdrop of the derelictions at Utility Center, Inc., Senator Long’s description of the object of Chapter 30 seems to me to complement both the statutory language itself and the situation. The Chapter 30 amendments, most particularly the authority for a Commission-directed sales or receiverships, did indeed supply the Commission with a much more useful toolbox than existed ber fore. This new toolbox was well suited to the chronic problems at Utility Center and doubtless useful for solving future problems in a variety of other locations. I think the Court’s opinion is correct to say that no-condemnation rule for utilities subject to Chapter 30 investigations is likewise complementary. When the Commission is engaged in redirecting a troubled utility, it should be able to deploy its various remedial powers without the intervention of an adjoining municipality, except by the Commission’s permission, and it should be able to make these decisions without worrying that any subsequent condemnation might upset investment-backed expectations. I think the Court’s opinion uses rather ordinary rules of statutory construction when it concludes that Chapter 30 did not effect a repeal of the general statutory authority for municipal condemnation that has been in place since the beginning of the last century (a fair contrast to the language used when the legislature changed existing law as to electric utilities).
Looking at this intertwining of regulatory and legislative activity, I would have thought that Utility Center was a utility that was the subject of the sort of processes described in Chapter 30 at the time Chapter 30 was considered and adopted by the General Assembly. Accordingly, I would also have thought that Chapter 30 constituted a barrier to the condemnation of such a utility during the course of the Commission’s investigation, “unless the procedures and requirements of this chapter have been complied with and satisfied,” as the sixth section of Chapter 30 provides.
The present owners of Utility Center, however, have maintained before Judge Felts, and before the courts on appeal, that Utility Center was not a utility subject to Chapter 30 procedures and requirements.
Our rules of appellate procedure, purposefully favorable to the judgments rendered at trial, provide that appellate courts can affirm a judgment even when the reasons given by the trial court seem erroneous if it appears that the right party won on other grounds that are apparent. Thornton v. Pender, 268 Ind. 540, 377 *463 N.E.2d 613 (1978); Fort Wayne Patrolman’s Benevolent Ass’n, Inc. v. City of Fort Wayne, 408 N.E.2d 1295 (Ind.Ct.App. 1980). We do not do the opposite. That is, we do not set aside the results of a trial on the basis of an argument not made by any of the litigants but rather occurring to some appellate judge after the case has been tried. See Keller v. State, 549 N.E.2d 372 (Ind.1990). Whether I am right that Utility Center was a “subject utility,” it is not an argument presented by either party. I find myself unable to vote to reverse on such a basis.