STATE BOARD OF TAX COMMISSIONERS *v.* STATE OF INDIANA, EX REL. CITY OF INDIANAPOLIS.

[No. 25,123. Filed July 26, 1926. Rehearing denied October 26, 1926.]

1. MUNICIPAL CORPORATIONS.—The sanitary district of Indianapolis is a department of the city government and not a separate entity. p. 350.

2. MUNICIPAL CORPORATIONS.—*Mayor's authority in fixing tax rate for departments of city government stated.*—Aside from his power to veto an ordinance fixing a tax rate the same as other ordinances, the mayor has no authority in fixing a tax levy except to make such recommendations as he may see fit, and such recommendation should be made before any ordinance fixing the tax rate is enacted. p. 351.

3. MUNICIPAL CORPORATIONS.—*Mayor may veto ordinance fixing tax levy, and it does not become operative until passed over his veto.*—Under §10295 Burns 1926, the mayor of a city may disapprove an ordinance fixing a tax levy for any department of the city government the same as other ordinances, and it does not become operative unless passed over his veto by a two-thirds vote of the common council. p. 351.

4. MUNICIPAL COPORATIONS.—*Right to be heard as to proposed tax rate not limited to taxpayers that favor a lower rate.—*

The right of taxpayers to be heard as to the amount of a proposed tax rate, under §14239 Burns 1926, is not restricted to those in favor of the proposed rate or of a lower rate, but includes those desiring a higher rate.    p. 352.

5.  MUNICIPAL CORPORATIONS.—*Order of State Board of Tax Commissioners establishing tax levy as "allowed" by a mayor was a nullity, as council has exclusive authority to fix the levy.*—Since the mayor of Indianapolis has nothing to do with fixing the tax levy for any department of the city government except to recommend a rate for the council's adoption, the fact that the notice for a hearing of taxpayers (§14239 Burns 1926) as to a proposed tax levy for the department of sanitation stated that the mayor had "allowed" a certain rate, lower than that subsequently adopted by the council, did not confer authority on the State Board of Tax Commissioners to reduce the levy adopted by the council, and the action of the board in ordering that the lower rate "allowed" by the mayor should "stand without change" was a nullity.    p. 354.

6.  MUNICIPAL CORPORATIONS.—*Tax levies under the "budget" system are not definitely fixed until after the hearing of taxpayers.*—Since §200 of the tax law of 1919 as amended in 1921 (Acts 1921 p. 638, §3, §14239 Burns 1926), establishing a "budget" system in each municipal corporation, provides for a hearing at which the taxpayers may be heard before the various tax levies are established, the rates proposed and stated in the notice to the taxpayers are not necessarily the ones to be adopted after the hearing.    p. 355.

From Marion Superior Court (A 33,508); *Theophilus J. Moll*, Judge.

Action by the State of Indiana on the relation of the city of Indianapolis and others to mandate the State Board of Tax Commissioners and members thereof. From a judgment for relators on demurrer to the complaint, the defendants appeal. *Affirmed.*

*Arthur L. Gilliom*, Attorney-General and *Edward M. White*, Assistant Attorney-General, for appellants.
*Baker & Daniels* and *Warrick Wallace*, for appellee.

GEMMILL, J.—The appellee brought this suit to mandate the State Board of Tax Commissioners of the State of Indiana and its members to perform the official act of certifying to the auditor of Marion county

its affirmance of a tax levy of $.065 on each $100 of taxables in the sanitary district of Indianapolis for the use of said district and the Board of Sanitary Commissioners thereof, or to pass on the merits raised by remonstrances to said levy and determine a proper levy for said district for the year 1925.  Appellants filed a demurrer to the complaint, which was overruled.  They refused to plead further and elected to stand on the court's ruling on the demurrer.  Judgment was then entered by the court against the appellants.  By the judgment, the State Board of Tax Commissioners and its members were ordered to perform the official duty imposed upon them by law and to pass upon the merits of the rate and levy of $.065 on each $100 of taxables within the limits of the sanitary district of Indianapolis, established and levied, as the rate of taxation for taxes for 1925, payable in 1926, for sanitary maintenance and general expense fund, and either to affirm or decrease said rate and levy after passing upon the merits thereof.

The complaint, in which said sanitary district of Indianapolis and said board of sanitary commissioners are referred to as "relator," alleges that the relator exists and for several years last past has existed under and by virtue of an act of the General Assembly of Indiana, approved March 9, 1917, and acts amendatory thereof and supplemental thereto; that at the proper and legal time in the year 1925, the relator prepared, in the proper and approved form, its budget itemizing the expenses which relator estimated it would be required to make in order to perform in the year 1926 the duties imposed by law upon it; that after relator had prepared said budget, the mayor and city controller of the city of Indianapolis attempted to reduce the total sum named by relator of $501,735 to $423,500 and further attempted to reduce said sum of $423,500 by

$75,000, which they estimated was the amount of revenue from its operations which relator would receive during 1926; that the mayor and controller purported to "allow" relator, in order to produce said fund, a levy of $.055 on each $100 of taxables in relator's said sanitary district; that a notice to taxpayers of tax levy for sanitation purposes was duly published over the names of the mayor, the city controller and the president of the common council, in which it was stated that the proposed rate of taxation for sanitation maintenance purpose was $.055 on each $100 of taxable property in the city of Indianapolis, and that a public hearing would be held in the council chamber of the city hall in the city of Indianapolis on September 7, 1925, on the proposed budget for the succeeding year and the rate of taxation to be established for said department; that after the publication of said notice and after said public hearing had been held, the common council of the city of Indianapolis, on September 7, 1925, duly and regularly adopted its levy ordinance and that said ordinance fixed and established $.065 on each $100 of taxables in that part of relator's said sanitary district within the limits of said city, as the rate of taxation established and levied for taxes for 1925, payable in 1926, for relator's said sanitary maintenance and general expense fund; that thereafter the mayor vetoed that part of said levy ordinance fixing said rate at $.065, and thereafter said common council duly and regularly adopted and passed over the mayor's said veto that part of said levy ordinance vetoed by him; that thereupon the common council reported said levy and rate of $.065 to the county auditor of Marion county and the latter reported same to the State Board of Tax Commissioners; that thereafter two petitions, each signed by ten or more qualified taxpayers, were filed with said county auditor and by him certified to the

State Board of Tax Commissioners objecting to said levy and rate of $.065, for the reason that said levy and rate "is more than government economically administered warrants"; that notice was given as to a hearing on said remonstrances and same was duly held on October 6, 1925; that thereafter the State Board of Tax Commissioners issued an order in the matter of said petitions in which it was stated that the board found that $.055 was the rate of levy published for the sanitary district of the city of Indianapolis and that said rate should stand without change, and it was ordered that the tax levy for said department of sanitation for said city for the year 1925, be and remain at $.055 to be levied upon each $100 of taxable property in the taxing unit affected by said levy; that said order was by said state board certified to the auditor of Marion county; and that the state board has failed to perform the duty imposed upon it by law, viz.: to pass upon said levy of $.065 on the merits; and that said levy so made and established by the common council was and is in all respects legal and valid.

It is claimed by the appellants that the department of public sanitation of Indianapolis is a department of the city government; that the levy of taxes for that department can only be made by the city officers after the formation and publication by them of a budget, showing in detail the money proposed to be expended during the succeeding year, the valuation of all taxable property within the jurisdiction, the rate of taxation proposed to be established and only after a public hearing at which taxpayers may be heard; that no rate of taxation can be levied by city officials in excess of that stated in the notice as the proposed rate; and that the State Board of Tax Commissioners did pass on the merits of the question raised by the remonstrances and such action of the board is final.

The department of public sanitation of cities of the first class was established by the General Assembly in 1917. This department was created in addition to the executive departments of cities of that class. Acts 1917 p. 573, §10577 Burns 1926. In said act it was provided that a sanitary district was to consist of all the territory included within the corporate limits of any city of the first class and all the territory of any incorporated town lying within the boundaries of said city. The sanitary district under consideration consists of all the territory within the corporate limits of the city of Indianapolis and all the territory of the incorporated town of Woodruff Place. The sanitary district act of 1917, in §21, stated how revenue for its support should be raised, and provided that a tax of $.02 on each $100 of taxable property should be levied annually by the common council of said city and by the board of trustees of said town, respectively, for general expenses, operation, maintenance and repairs. Said section was amended by the legislature of 1921 and a tax of not exceeding $.04 on each $100 of taxable property was provided for. Acts 1921 p. 315. And the amended section was amended in 1923, same now stating that a tax of not exceeding $.08 on each $100 of taxable property in such city of the first class and in such incorporated town located within the boundaries thereof shall be levied annually by the common council of said city and by the board of trustees of said town respectively, for sanitary purposes. Acts 1923 p. 386, §10597 Burns 1926. In §24 of said sanitation department act, it is said: "No appropriation in any form shall be necessary, but all funds arising under the provisions hereof shall be deemed appropriated to the respective purposes herein named." §10600 Burns 1926.

In the act of 1905 concerning municipal corporations, (Acts 1905 p. 219), in §200 thereof, as amended in 1911, it is provided that the common council shall levy a tax upon the property and polls shown in certificate issued to it, as may be deemed necessary by such council to supply ·the needs of such city during the ensuing year for city purposes for which taxes may be properly levied. §10956 Burns 1926.

It is insisted by appellants and denied by appellee that §84 of said act of 1905, concerning municipal corporations, (§10306 Burns 1926, §8686 Burns 1914), applies to the department of public sanitation of the city of Indianapolis. This section contains the following specific provisions: It shall be the duty of each executive department before the commencement of each fiscal year to submit to the joint meeting of the heads of the departments, an estimate of the amount of money required for their respective departments for the ensuing fiscal year. After such meeting, reports and consultations, the city controller shall proceed to revise such estimates and shall then prepare a report to the mayor of the various estimated amounts required in such controller's · opinion for each executive department, together with an estimate of the necessary per cent. of taxes to be` levied. The mayor shall, at the next meeting of the common council, present such report with such recommendations as he may see fit. It shall be the duty of the committee of finance of the common council thereupon to prepare an ordinance fixing the rate of taxation for the ensuing year, and also an ordinance making appropriations by items for the use of the various executive departments. As it is not required to appropriate funds for the use of the department of public sanitation, an appropriation ordinance for it is not necessary.

The budget law, as enacted in 1921, same being §200 of the tax law (§14239 Burns 1926), provides that the several tax levies shall be established by the proper legal officers of any municipal corporation after the formation and publication by them of a budget showing in detail the money proposed to be expended during the succeeding year, the valuation of all taxable property within the jurisdiction and the rate of taxation it is proposed to establish, and after a public hearing within the jurisdiction, at which any taxpayer shall have a right to be heard thereon.

When the department of public sanitation was added to the existing executive departments of the city of Indianapolis in 1917, that department came under all the general taxing laws for departments of cities of the first class, except where the act under which it was created provided otherwise. When established, its tax rate for general expenses and maintenance was a fixed amount. Later, the legislature twice changed and increased the rate so as not to exceed a certain number of cents for each $100 of taxable property. After the act was first amended in that particular, the tax rate for that department could only be determined by the proper officers in the same manner that tax rates were fixed for other executive departments. There is no merit to the contention that the Sanitary District is a separate entity—a distinct municipality.

In 1925, the sanitary district of Indianapolis prepared, in the proper and approved form, its budget for a sanitary maintenance and general expense fund, itemizing the expenses which it would be required to make in order to perform its duties in the year 1926. The "Notice to Taxpayers of Tax Levies" was duly given. The part of same pertaining to the department of public sanitation was as follows:

"The proposed budget, the valuation of all taxable property within the city of Indianapolis, Ind., and the sanitation district of the city of Indianapolis, Ind., and the proposed rate of taxation for such purposes are as follows:

### FOR SANITATION PURPOSES.

| | |
|---|---|
| Administration | $24,100.00 |
| Ash and garbage collection | 274,255.60 |
| Sewage disposal plant | 175,000.00 |
| Night soil plant and incinerator | 10,380.00 |
| Improvement and maintenance of lands and roads | 3,000.00 |
| Garbage reduction plant | 15,000.00 |

Total as asked for by sanitation board.$501,735.00
Total as allowed by mayor*...........$423,500.00.

*In explanation of total allowed by mayor:

| | |
|---|---|
| The levy of $.055 for the sanitation department as allowed by the mayor, figured on an approximate valuation of $652,000.00 ($652,000,000.00), would bring the department of sanitation approximately | $358,500.00 |
| Estimate of revenue received by sanitation department | 75,000.00 |

Department would receive for 1926....$423,500.00

The proposed rate of taxation for the sanitation maintenance purpose is five cents five mills ($.055) on each $100 of taxable property in the city of Indianapolis and sanitation district of Indianapolis, Ind.

Also desire to state that a tax levy of four cents ($.04) is allowed the sanitation department for sanitation bond fund for sinking fund purposes to take care of the principal and interest falling due on sanitation district bonds during the year 1926 of $238,070."

In same, the following statements will be noted: "Total as allowed by mayor" and "The levy of $.055 for the sanitation department as allowed by the mayor." The mayor had no authority to "allow" anything in this matter, but by §84 of the act

of 1905, concerning municipal corporations, sometimes called "the City Charter Act," a duty was placed upon him, stated as follows: "The mayor shall, at the next meeting of the common council, present such report (the controller's), with such recommendations as he may see fit." By "allowed," as used in the published notice, was doubtless meant "recommended." It is not provided that the recommendation of the mayor as to the rate of taxation had to be accepted either by the finance committee of the common council, whose duty it is to prepare an ordinance fixing the rate, or by the common council, which has the duty and responsibility of finally acting upon the ordinance. If the mayor's recommendation had to be followed, then the common council in passing the ordinance and establishing the rate would have no power in regard thereto except to follow a recommendation with which its members might not agree. After an ordinance levying a tax has been passed by the common council, the mayor can disapprove same, and it does not become law and operative unless passed over his veto by the common council by a two-thirds vote. §10295 Burns 1926, Acts 1905 p. 236, §80. If the mayor's recommendation had to be adopted by the common council, then it would not have been necessary for the legislature to have given him the power to disapprove ordinances levying taxes. In establishing a tax rate for a city and its departments, it is the duty of the mayor to make his recommendation in regard to same before the ordinance is enacted, and, after that is done, he has the power to disapprove same, but final action in passing the ordinance rests with the common council.

The budget law provides, among other things, that the notice published shall show in detail the

4. money proposed to be expended during the succeeding year. In the notice published as to tax

levy for the public sanitation department, the total amount which the mayor desired to recommend is stated, but the different items are not set out, so taxpayers could not have learned from the notice how the money to be raised by taxation was to be used if the mayor's recommendation had been accepted. This notice, in accordance with the statute, provided that at a certain place and time, a public hearing would be held on the proposed budget and on the proposed rate of taxation for the succeeding year. And at the public hearing, *any* taxpayer had a right to be heard on these subjects. This statutory right to be heard, given *any* taxpayer, is not restricted to taxpayers in favor of the proposed rate, as published, or of a lower rate, but would include those, if any, desiring a higher rate. The rate proposed, recommended by the mayor, was offered to taxpayers for consideration and discussion, and was presented to the common council for acceptance if it desired to adopt same after the recommendation and public hearing. The common council is not required to follow suggestions of taxpayers made at the public hearing. In fact, these suggestions might be so different that it would be impossible to reconcile and follow same. After the common council has passed an ordinance fixing the tax levy, taxpayers who feel aggrieved have an opportunity to be heard by appealing to the State Board of Tax Commissioners, as was done in regard to the tax levy under consideration by two groups of taxpayers. Rule 9 of the State Board of Tax Commissioners for the year 1925, gives the following reasons for objections, on appeal: That the amount to be collected on the levies adopted by the tax levying officers is more than government economically administered warrants or that any item in such levy will raise more money than the public needs require.

The remonstrators objected for the first of said causes.

The state board, after the hearing on the petitions filed by taxpayers, issued an order thereon, part of which is as follows: "And after hearing the evidence and arguments and being fully advised in the premises this board finds that $.055 was the rate of levy published for that department and that said rate shall stand without change. It is therefore ordered that the tax levy for the department of sanitation of the city of Indianapolis for the year 1925 be and remain at $.055 to be levied upon each one hundred dollars of taxable property in the taxing unit affected by said tax levy."

It is alleged in the complaint that the State Board of Tax Commissioners has failed to perform the duty imposed upon it by law in that it has failed and refused, after hearing on said petitions, to pass upon said rate and levy of $.065 on the merits. The reply brief of appellants states: "The demurrer admits that the board did not consider a $.065 rate, but the obvious reason is that it had no power to consider any rate in excess of $.055." The proposed rate, named in the published notice, was never adopted by the common council, and it had the authority to establish the rate provided for in the ordinance which it passed. The only rate which it fixed was that of $.065. The objection to this rate that it is more than government economically administered warrants has not been acted upon by the state board as shown by its said admission in its reply brief. It cannot be agreed that all the allegations of the complaint are true, yet it states facts sufficient to constitute a cause of action against the appellants. The court did not err in overruling the demurrer.

The judgment is affirmed.

ON PETITION FOR REHEARING.

GEMMILL, J.—On petition for rehearing, appellants contend that this court has failed to get the intent of the legislature in enacting §200 of the tax law, 6. said section being §3, Acts 1921 p. 638, and commonly known as "the budget law"; and again insist that the proposed rate of taxation named in the notice provided for in said section must be the rate finally fixed. Said §200 does not state that the proposed rate will or must be established. Part of said section is as follows: "The several tax levies shall be established by the proper legal officers of any municipal corporation after the formulation and publication by them of a budget on forms prescribed by the state board of accounts showing in detail the money proposed to be expended during the succeeding year, the valuation of all taxable property within the jurisdiction and the rate of taxation which it is proposed to establish, and after a public hearing within the jurisdiction at which any taxpayer shall have a right to be heard thereon." Ten days notice of such budget and of such public hearing is required. Appellants are correct in saying that "it is entirely clear that the legislature intended that the process it outlines should be followed." This being true, it follows that the legislature intended that a public hearing should be held at which taxpayers could be heard. The tax levy shall be established after the publication of the budget, the proposed rate, and the public hearing. It cannot be believed that the legislature would have provided for a hearing at which taxpayers could be heard if the hearing would be useless and of no benefit to taxpayers or taxing officials.

Appellants continue to cite and rely on cases based on the budget law of another state. An examination of that budget law shows that it provided for notice, but did not provide for a hearing at which taxpayers

could be heard. The interpretation of that budget law cannot be considered as decisive of the construction of the Indiana budget law, which contains at least one important provision not found in the former.

The brief of appellants in support of the petition for rehearing has been carefully considered and no good reason for granting the petition appears.

The petition for a rehearing is overruled.