HOESS ET AL. *v.* WHITAKER, AUDITOR, ET AL.

[No. 26,286.   Filed November 1, 1934.]

*William J. Whinery, John D. Kennedy,* and *Robert Brown,* for appellants.

*George E. Hershman,* for appellees.

TREANOR, J.—This is an appeal from a judgment in a suit for injunction and mandate brought by appellants as taxpayers against appellees, auditor and treasurer of Lake county, the State Board of Tax Commissioners and the civil and school cities of Hammond and East Chicago. The complaint alleged that the county board of tax adjustment "did wrongfully and unlawfully on the 10th day of October, 1932, adopt a resolution by vote of six (6) members thereof, purporting to empower said County Board of Tax Adjustment to fix the levies in the various taxing units of said County of Lake at more than $1.50; that said Board thereupon purported to fix the tax levies for the City of Hammond at a rate of $3.22 on the $100.00 assessed valuation; that $1.72, the excess over the lawful rate of $1.50 is null and void; that no emergency existed that would authorize the fixing of the levy in excess of said rate of $1.50; that no facts existed upon which said County Board of Tax Adjustment could reasonably, fairly, and justly base any finding that an emergency existed in said County of Lake, Township of North, and City of Hammond,

authorizing the imposition of an extraordinary tax in excess of said rate of $1.50. That said resolution was not passed for the purpose of dealing with, and meeting, any emergency whatsoever; but was passed with knowledge on the part of said Board that no emergency did exist, and that no evidence purporting to show any emergency whatever had been introduced before said Board; that said resolution was passed for the purpose of evading and voiding the provisions of said law. That, said Board is wholly without authority and jurisdiction, by vote of said members of said Board, to create an emergency where none, in fact, existed; that no emergency then existed, and no emergency now exists to justify a levy in excess of $1.50. That each and all of the proceedings of said Board, in attempting to fix the levies in excess of such rate of $1.50 are null and void. That, within ten (10) days after the 10th day of October, 1932, when said proceedings were had, these petitioners, with twelve (12) other taxpayers of such taxing units, more than ten (10) in number, filed their written appeal in the office of the County Auditor; that, a copy of said petition for appeal is filed herewith, marked Exhibit 2, and made a part hereof. That William E. Whitaker, Auditor of said County of Lake, did immediately certify a copy of such petition for appeal to the State Board of Tax Commissioners of Indiana; that said State Board of Tax Commissioners refused, and have ever since refused and do now refuse, to receive or entertain said appeal, which was taken in all things in the form and manner required by law."

It was further alleged that unless restrained the county auditor and county treasurer would proceed to extend upon the tax duplicate the tax rate as fixed by the county adjustment board and would certify the same to the several taxing units of the county as the amount of taxes due and owing by the plaintiffs. Plain-

tiffs asked for a temporary restraining order pending notice and hearing, and for an injunction against the auditor and treasurer of Lake county to enjoin them from placing such levy upon the tax duplicate, from collecting the taxes so levied and from complying with the order of the adjustment board. They further asked that the court decree that no emergency existed for a total levy in excess of $1.50, that the excess of $1.50 be enjoined and that the defendant be enjoined from placing the excess levy upon the tax duplicate and from collecting or attempting to collect the same. A mandatory injunction was sought against the State Board of Tax Commissioners to compel that board to "consider the appeal taken by the plaintiffs . . . as alleged, and decrease the total levy to $1.50."

Demurrers for insufficient facts, filed by the defendants, State Board of Tax Commissioners and the auditor and treasurer of Lake county, were sustained. Appellants refused to plead further and the court thereupon rendered judgment for appellees and against appellants. Appellants assign as error the trial court's rulings upon the demurrers.

The demurrer of the Board of Tax Commissioners was on the ground that the complaint did not state facts sufficient to constitute a cause of action and was supported by memoranda urging that the complaint was insufficient for failure to state that "plaintiffs' petition for appeal from the action of the County Board of Tax Adjustment to the State Board of Tax Commissioners was filed with the Auditor of Lake County on or before October 15th, 1932."

Insofar as appellants' complaint is directed toward the auditor and treasurer of Lake county, the only allegations made, which differs from the one relied upon in the complaints and considered by this court in the cases of *Payne* v. *Grossart* (1934),

ante 157, 190 N. E. 752) and *Murray* v. *Zook* (1933), 205 Ind. 669, 187 N. E. 890), are to the effect that a petition for appeal to the State Board of Tax Commissioners had been filed within 10 days after the making of the order by the county adjustment board and that the state board refused to receive or entertain such appeal. Even though appellants had attempted to take an appeal to the state tax board within the proper time, that board's failure or refusal to act upon such appeal would not entitle appealing taxpayers to enjoin the auditor and treasurer from discharging their duties with reference to the tax levy which may be in effect at the time fixed by law for the performance of such duties. The tax levy in effect was the one fixed by the county adjustment board unless reduced by the state tax board on appeal. If the petition for appeal was properly filed within the time fixed by statute and certified to the state tax board, mandamus would lie to compel that board to "act on said petition . . . after a public hearing" as provided for by ch. 10, Acts 1932, p. 20. *State Board, etc.* v. *State ex rel. City of Indianapolis* (1926), 198 Ind. 343, 153 N. E. 404, 576.

Appellants contend that the time for appealing from the county board of tax adjustment was fixed by ch. 10, Acts 1932, special session, page 17. That act provides for the formation of a county board of tax adjustment in each county of the State to meet on the 3rd Monday of September of each year. The board is empowered "to revise, change, and if necessary reduce the tax levy of any and for all such municipal corporations so that the total levy on property . . . shall not exceed the total of one dollar and fifty cents . . . Provided, however, that if such board . . . shall determine that an emergency exists for a total levy in excess of . . . one dollar and fifty cents . . . then

such board shall have the power to fix such a tax levy
. . . though the total rate so fixed shall exceed the
rate of one dollar and fifty cents. . ." Provision was
made for appeal to the state board of tax commissioners,
as follows, sec. 4, p. 19:

> "*Provided, also,* That if such county board of tax
> adjustment shall fix a total aggregate rate in excess
> of said one dollar and fifty cents for all the taxing
> districts or municipal corporations which the tax-
> payers of any taxing district shall be required to
> pay, then any ten taxpayers of such municipal cor-
> poration or taxing district who own property which
> will be subject to such rate in excess of said one
> dollar and fifty cents, including the state tax, may
> appeal therefrom to the state board of tax commis-
> sioners by filing within ten days thereafter a peti-
> tion with the county auditor of the county in which
> such order is effective, setting forth their objec-
> tions to such order and tax levy."

While appellee State Board of Tax Commissioners has
not furnished this court with a brief, it is apparent
from the memoranda to their demurrer and from briefs
of appellants and appellees Whitaker and Conter, that
the board of tax commissioners considered that ch. 57,
Acts 1932, special session, suspended the appeal pro-
vision of ch. 10 for the year 1932 and fixed October 15,
1932, as the last day upon which a petition for taking
an appeal to that board could be filed with the county
auditor. In addition to other provisions, ch. 57 con-
tained provisions making certain changes for the year
1932 in the time as fixed by statutes enacted prior to
1932 for the performance of certain acts with reference
to the making of assessments, fixing levies and adopting
budgets.

Under §14239, Burns Ann. Ind. St. Supp. 1929, Acts
1927, ch. 95, p. 247, ten or more taxpayers who felt ag-
grieved "with any such tax levy or item thereof" could
appeal to the state board of tax commissioners by filing

a petition with the county auditor "not later than the fourth Monday of September . . ." Ch. 57, *supra*, provides that, ". . . petitions by taxpayers for the review of tax levies and budgets, addressed to the state board of tax commissioners may be filed with the county auditors not later than the 15th day of October;" and that, ". . . In the year 1932 the county board of tax adjustment shall meet on the tenth day of October."

It is appellees' contention that in the year 1932 the county board of tax adjustment was to meet on October 10th for the performance of its duties and if that board fixed a levy in excess of one dollar and fifty cents an appeal to the state board of tax commissioners could have been taken not later than October 15th; both dates fixed by ch. 57, *supra*.

Appellants contend that October 15th is fixed as the final date for taking such appeals as were provided by statutes enacted prior to 1932 but that ch. 57 does not amend ch. 10 so as to change the time fixed for appealing from the adjustment board which was created by ch. 10. In support of their contention they refer to §3 of ch. 57, which is as follows:

> "All laws and parts of laws in conflict with any of the provisions of this act are hereby suspended and shall continue to be suspended until this act expires by limitation, but upon the expiration of this act by limitation all provisions of law which are hereby suspended shall be in as full force and effect as such laws or parts of laws would have been if this act had not been passed. In the year 1932 the county board of tax adjustment shall meet on the tenth day of October. Nothing herein contained shall be so construed as to repeal an act entitled 'An act relating to tax levies and provided for the fixing thereof, limiting the amount of the same and repealing all laws in conflict therewith,' but shall be in aid thereof."

Appellants point out that an express modification of a date fixed by ch. 10 is to be found in §3, *supra*: "In the year 1932 the county board of tax adjustment shall meet on the tenth day of October," and they call attention to the language of §3 to the effect that ch. 57 shall not be construed as repealing ch. 10, "but shall be in aid thereof." Appellants argue that they "have a right to assume that it might be necessary for the board of tax adjustment to remain in session more than five (5) days, . . . Then in such case, if we were to adopt the construction that this legislation is an *aid* to the appealing clause of Chapter 10, then all right of appeal would be cut off."

While no express limit of time within which the adjustment board should perform its duties was fixed by statute, the date of its meeting and the power and duties of the board were fixed. The board was to be informed, by the county auditor, "of the tax levies fixed by the proper officers of each municipal corporation in such county for the ensuing year." It was the duty of the board to "revise, change, and if necessary reduce the tax levy of any and for all of such municipal corporations so that the total levy on property within any municipal corporation for all municipal corporations for which the property therein is taxable, including said state tax levy, shall not exceed the total of one dollar and fifty cents for all such corporations." If the board should determine by a vote of at least five members that an emergency exists for a levy in excess of one dollar and fifty cents, "then such board shall have the power to fix such a tax levy therein and apportion the same among the different municipal corporations for which the property in such taxing district is taxable as is necessary to meet such emergency, though the total rate so fixed shall exceed the rate of one dollar and fifty cents." It is not unreasonable to assume that the

time required for the performance of the duties imposed upon the county board of tax adjustment might have extended beyond the 15th of October.

To construe the language, "petitions by taxpayers for the review of tax levies and budgets" as including petitions for appeal from the county board of tax adjustment will result in cutting down the time for such an appeal from 10 days as provided in ch. 10, to 5 days or less, or possibly to cut it off entirely. Such a construction is not in harmony with the other provisions of the act or its expressed purpose. The effect of the changes made by ch. 57 was to extend by from two weeks to twenty days the entire procedure for the adoption of budgets and levies in the year 1932. By such changes the right of appeal theretofore existing was recognized and provided for as fully as before. And to construe the above quoted provision of ch. 57 as including only such "petitions" as were provided for by statutes in effect prior to 1932 is to adopt a construction that is in harmony with other provisions, and the expressed purpose, of ch. 57 and is "in aid" of ch. 10. We are of the opinion that the provisions of ch. 57 do not suspend or modify the appeal provision of ch. 10.

We conclude that an appeal from the county board of tax adjustment of 1932 could be taken by filing, within ten days after the board had fixed the levy complained of, a petition with the county auditor, as provided by ch. 10, Acts 1932, *supra*.

It follows that the trial court erred in sustaining the demurrer of the State Board of Tax Commissioners to appellants' complaint. Judgment is reversed as to the State Board of Tax Commissioners with instructions to the trial court to overrule the demurrer of said board. Judgment is affirmed as to all other appellees.