**The STATE of Indiana, on the Relation of Hugh D. BLACKWELL, Robert L. Jones, Lorenzo Cockrell, Tarvin Hamler, and Gary Firefighters Union 359, Appellants (Plaintiffs Below),**

v.

**Richard G. HATCHER, Charles Ruckman, James Holland, Henry Coleman, and City of Gary, Indiana, Appellees (Defendants Below).**

No. 3–680A175.

Court of Appeals of Indiana,
Third District.

Sept. 29, 1981.
Rehearing Denied Jan. 7, 1982.

John C. Ruckelshaus, Walter F. Lockhart, Ruckelshaus, Roland & O'Connor, Indianapolis, for appellants.

Max Cohen, Cohen & Thiros, Merrillville, for appellees.

STATON, Judge.

The Gary Firefighters Union No. 359 and several of its members appeal the trial court's entry of a negative judgment on their claim against the City of Gary, Mayor Richard G. Hatcher, and other city officials. The firefighters sought damages and injunctive relief for the City's refusal to pay the full amount of the clothing allowance appropriated for the firefighters by the Gary Common Council for fiscal year 1978.[1]

On appeal, the firefighters raise the following issues for review:

---

1. This suit was filed as a class action on behalf of all Gary firefighters eligible for the clothing allowance.

(1) Did the trial court err in holding that the Gary Common Council failed to provide sufficient legal notice of its appropriation for the firefighters' clothing allowance?

(2) Did the trial court err in holding that the Gary Common Council lacked authority to fix the amount of the firefighters' clothing allowance?

Affirmed.

This appeal has evolved from a dispute between Mayor Hatcher and the Gary Common Council over who has the power to fix the amount of the clothing allowance for Gary firefighters. The propriety of paying a clothing allowance is not in question. IC 1976, 19–1–10–1 (Burns Code Ed., 1980 Supp.),[2] provides:

"All cities of the first, second, third, fourth and fifth classes having regularly organized and paid police and fire departments shall provide for use by the active members of such police and fire departments of all uniforms, clothing, arms and equipment necessary to the performance of their respective duties: Provided, That after one [1] year of regular service in said departments, any such member thereof may be required by such city to furnish and maintain all of his uniform, clothing, arms and equipment upon the payment to such member by such city an annual cash allowance of not less than two hundred dollars [$200]: Provided further, That a city of first, second, third, fourth, or fifth class may credit such a uniform allowance to each individual officer as against his purchases during any calendar year and provide for the payment of any cash balance remaining at the end of the calendar year."

The statute is silent as to which municipal entity—the mayor or the common council—is empowered to fix the amount of the firefighters' clothing allowance. It is this void in IC 19–1–10–1 that has precipitated the controversy between Mayor Hatcher and the Gary Common Council.

On or before August 11, 1977, Mayor Hatcher submitted to the Gary Common Council his proposed budget for the operation of the City of Gary during fiscal year 1978. The proposed budget included an appropriation for a $200.00 clothing allowance payable to each eligible member of the fire department and its ambulance service. The Gary Common Council incorporated Mayor Hatcher's proposed budget into a proposed budget ordinance which was denominated as "Pending Ordinance 77–103." The proposed budget ordinance consisted of detailed tax levies and itemized appropriations for various municipal departments. On August 11, 1977, legal notice of "Pending Ordinance 77–103" was published in two Gary newspapers. A public hearing on the proposed budget ordinance was scheduled by the Gary Common Council for August 29, 1977.

On August 16, 1977, the Gary Common Council amended the proposed budget ordinance by increasing the proposed clothing allowance appropriation from $200.00 to $500.00 for each eligible firefighter.[3] On August 29, 1977, the Gary Common Council conducted the public hearing on the proposed budget ordinance as scheduled. The ordinance passed in its amended form, which included a $500.00 clothing allowance for firefighters. Mayor Hatcher immediately vetoed the portion of the budget ordinance that encompassed the increased clothing allowance. On September 6, 1977, the Gary Common Council overrode Mayor Hatcher's partial veto by unanimous vote.

Even though the budget ordinance in its final form required the payment of a

2. As part of its statutory reorganization of local government law, the legislature repealed IC 19–1–10–1 during its 1981 regular session and enacted IC 1976, 36–8–4–4 (West's Ind.Leg.Serv. (1981), vol. 2, at 248), which is similar in substance and form to IC 19–1–10–1. The minimum clothing allowance payable to firefighters remains at $200.00 under the new statute.

The recodification of other local government laws relevant to the disposition of this appeal shall be noted throughout this opinion.

3. The Gary Common Council also increased the clothing allowance for Gary police officers. That increase, however, is not a subject of this appeal.

$500.00 clothing allowance, the City paid only $200.00 to the firefighters. The firefighters then commenced this action against the City and its officials to recover the balance of the clothing allowance appropriated by the Gary Common Council. After a bench trial on the firefighters' claim, the trial court found against the firefighters and entered the following conclusions of law:

"(1) The Common Council of the City of Gary was without authority to increase the clothing allowance for the plaintiffs.

"(2) The purported amendment increasing the clothing allowance is void and of no effect.

"(3) Publication of the amended ordinance was not had in conformity with the provisions of I.C. 6–1.1–17–4 (I.C. 6–1–1–24).

"(4) The law is with the defendants and against the plaintiffs."

The trial court's entry of a negative judgment was predicated upon two alternative grounds: (1) the Gary Common Council lacked authority to fix the amount of the firefighters' clothing allowance, and (2) assuming *arguendo* that the Gary Common Council had the authority to fix the amount of the firefighters' clothing allowance, the clothing allowance appropriations were void because the Gary Common Council failed to comply with the statutory directives regarding publication of notice. On appeal, the firefighters challenge both grounds as being erroneous conclusions of law.

After reviewing the record and the statutes relevant to this appeal, it is apparent that the trial court erred in holding that the Gary Common Council was not empowered to fix the amount of the firefighters' clothing allowance. However, the trial court properly concluded that the Gary Common Council, assuming it had the authority to fix the amount of the clothing allowance, failed to comply with the publication of notice requirements. The $300.00 increase in the firefighters' clothing allowance was

therefore void. It is axiomatic that the trial court's decision must be affirmed on appeal if it is sustainable upon any legal theory supported by the record. *Thornton v. Pender* (1978), 268 Ind. 540, 550, 377 N.E.2d 613, 620. Furthermore, when the trial court has predicated its decision upon two legal theories, one being proper and the other erroneous, the following general observations of law are particularly applicable:

"Erroneous conclusions must be deemed harmless when ... other conclusions, properly stated on facts found, justify the judgment. Our Appellate Court has stated that erroneous conclusions supporting a judgment may be deemed harmless only when a correct judgment has been rendered on the remaining conclusions." (footnotes omitted)

2 I.L.E. *Appeals* § 637, at 694 (1957). The trial court's erroneous conclusion of law in the present case must be deemed harmless in light of its proper conclusion that legal notice of the proposed budget ordinance was ineffectively published.

### I.

### Publication of Notice

The firefighters contend that the trial court erred in holding that the Gary Common Council failed to comply with the statutory notice requirements after amending the clothing allowance appropriations of the proposed budget ordinance. An analysis of the firefighters' contention requires a survey of the labyrinthine statutory scheme that controls the budget-making process for a municipal corporation.

In 1977, the budget-making process was controlled by IC 1976, 18–1–6–6 (now repealed).[4] Under that statute, the mayor was required to prepare a report of an estimated budget which detailed the proposed revenues and expenditures of the city. Then, it was necessary to proceed to the second step of the budget-making process under IC 18–1–6–6:

---

**4.** IC 18–1–6–6 was repealed in 1980 and replaced with IC 1976, 18–1–6–6.5 (Burns Code Ed., 1980 Supp.) (repealed effective September 1, 1981). IC 18–1–6–6.5 will be recodified as IC 1976, 36–4–7–6 through 36–4–7–8 (Burns Code Ed., 1980 Ed.).

"The mayor shall at the next meeting of the common council present such report with such recommendations as he may see fit. It shall be the duty of the committee of finance of the common council thereupon to prepare an ordinance fixing the rate of taxation for the ensuing year, and also an ordinance making appropriations by items for the use of the various executive departments and other city purposes for the ensuing year. Such ordinance may reduce any estimated item for any executive department, from the figure submitted in the report of the city controller, but shall not increase the same unless recommended by the mayor. Such appropriation ordinance shall thereafter be promptly acted upon by the common council. . . ."

Requiring the common council to fix the city budget by ordinance had its basis in IC 1976, 18–1–3–6 (Burns Code Ed.) (repealed effective September 1, 1981),[5] which provided in pertinent part:

"The common council of every city shall have power to pass all ordinances, orders, resolutions and motions for the government of such city, for the control of its property and finances and for the appropriation of money. No appropriation shall be made for the payment of money otherwise than by ordinance, specifying by items the amount thereof and the department for which the appropriation is made. . . ."

The enactment of a budget ordinance was and remains today subject to the publication of notice requirements of IC 1976, 6–1.–1–17–3 et seq. (Burns Code Ed., 1978 Repl.). IC 6–1.1–17–5(a),[6] as it read in 1977, provided:

"(a) The common council of a city . . . shall meet to fix the budget, tax rate, and tax levy for the ensuing budget year on the last Monday in August of each year. . . The public hearing required by section 3 [6–1.1–17–3] of this chapter must be completed before the proper officers of the political subdivision meet to fix the budget, tax rate, and tax levy."

IC 6–1.1–17–3,[7] as referred to in IC 6–1.1–17–5(a), provides:

"The proper officers of a political subdivision shall formulate its estimated budget and its proposed tax rate and tax levy on the form prescribed by the state board of accounts. The political subdivision shall give notice to taxpayers of the estimated budget and the proposed tax rate and tax levy by publication of this form. In the notice, the political subdivision shall also state the time and place at which a public hearing will be held on these items. The notice shall be published twice in the manner prescribed in section 4[6–1.1–17–4] of this chapter. The first publication shall be made at least eighteen [18] days before the date fixed for the public hearing." [brackets original]

IC 6–1.1–17–4 (repealed effective September 1, 1981),[8] as referred to in IC 6–1.1–17–3(a), generally requires that the proposed budget, tax rate, and tax levy as well as notice of the public hearing required by IC 6–1.1–17–3(a) be published in two local newspapers for the time specified in IC 6–1.1–17–3(a). Once these publication prerequisites are satisfied, the common council may act upon the proposed budget ordinance.

In the present case, the trial court found that the Gary Common Council failed to

---

**5.** The portion of IC 18–1–3–6 relevant to this appeal will be recodified as IC 1976, 36–4–6–18 and 36–4–7–9 (Burns Code Ed., 1980 Ed.).

**6.** IC 6–1.1–17–5 underwent minor amendments in 1979 and 1980 (see, Burns Code Ed., 1980 Supp.), and also in 1981 (see, West's Ind.Leg.Serv., (1981), vol. 5, at 1294).

**7.** The publication of notice requirements of IC 6–1.1–17–3(a) were substantially amended by the legislature during its 1981 regular session.

See, West's Ind.Leg.Serv. (1981), vol. 5, at 1748–49. As of September 1, 1981, the time limitations for publication of notice will be subject to the provisions of IC 1976, 5–3–1–2(a) and (b) (West's Ind.Leg.Serv., (1981), vol. 5, at 1741–42).

**8.** IC 1976, 5–3–1–4(b) (West's Ind.Leg.Serv. (1981), vol. 6, at 2629, will control those situations formerly subject to IC 6–1.1–17–4).

comply with the publication of notice requirements just outlined in this opinion. Specifically, the trial court found that legal notice of the proposed budget ordinance, as amended by the Gary Common Council on August 16, 1977, was not properly published. A review of the facts attending the published notices will assist in evaluating and understanding the trial court's conclusion.

On August 11, 1977, legal notice of the proposed budget ordinance was published in two Gary newspapers, the *Gary Post-Tribune* (Plaintiff's Exhibit 7) and *INFO* (Plaintiff's Exhibit 4). The proposed budget ordinance as published included the following appropriations from the General Revenue Sharing Fund for a clothing allowance for the members of the fire department and its ambulance service:

Account 0121—Fire Department

Item 54. Clothing . . . . . . $60,000

Account 0121—Fire Department Ambulance Service

Item 54. Clothing . . . . . . $13,000

These appropriations were intended to provide each eligible firefighter with $200.00 as a clothing allowance.

As stated previously in this opinion, the Gary Common Council amended the proposed clothing allowance appropriations on August 16, 1977. The clothing allowance for each eligible firefighter was increased to $500.00. To attempt to satisfy the publication of notice requirements, the Gary Common Council published legal notice of its amendment to the clothing allowance appropriations. The proposed budget ordinance in its amended form appeared in *INFO* on August 18, 1977 (Plaintiff's Exhibit 5), and on August 25, 1977 (Plaintiffs' Exhibit 6). The caption of the notice published in *INFO* on both dates included the following: "As amended 8/17/77."[9] The notice further stated that the amendments to the proposed budget ordinance included "additional appropriations which said officers [the Gary Common Council] consider necessary to meet the extraordinary emergency existing at this time." The clothing

allowance appropriations as amended appeared in *INFO* as follows:

Account 0121—Fire Department

Item 54. Clothing . . . . . . $150,000

Account 0121—Fire Department Ambulance Service

Item 54. Clothing . . . . . . $32,050

These appropriations were intended by the Gary Common Council to provide each eligible firefighter with $500.00 as clothing allowance.

Notice of the proposed budget ordinance was also republished in the *Gary Post-Tribune* on August 18, 1977 (Plaintiffs' Exhibit 8). However, this legal notice did *not* include the clothing allowance appropriations in their amended form. The legal notice published on August 18 in the *Gary Post-Tribune* was identical to that originally published on August 11.

■ Before addressing the merits of the firefighters' challenge to the judgment rendered by the trial court, it is noted that the common council of a city should not be precluded from amending a pending ordinance after its first publication of notice. The common council must be free to exercise its legislative function when considering the passage of a budget ordinance. However, the proper exercise of the legislative function of the common council necessarily entails the expression of public opinion upon the efficacy of proposed legislation. For that reason, the common council is required to publish the contents of the proposed budget ordinance and to conduct a public hearing on that ordinance before acting upon it. The requirements of pre-enactment publication of notice and a public hearing are designed to inform the public that a proposed measure of legislation is under consideration and that the common council will be open for the expression of public opinion upon the matter. *See,* 5 McQuillin, *Municipal Corporations* § 16.76, at 263–64 (3d ed. 1969). Among these requirements, however, there is nothing that precludes the common council from amend-

9. The clerk recorded the amendments the day after they were actually made.

ing a pending ordinance. As was held in *State Board of Tax Commissioners v. State ex rel. City of Indianapolis* (1926), 198 Ind. 343, 153 N.E. 404, *reh. denied*, 198 Ind. 355, 153 N.E. 576, matters contained in the proposed budget ordinance of a city are not fixed definitely until a public hearing has been conducted on the matter. In its opinion denying the petition for rehearing, the Court observed:

"It cannot be believed that the Legislature would have provided for a hearing at which taxpayers could be heard if the hearing would be useless and of no benefit to taxpayers or taxing officials."

198 Ind. at 355, 153 N.E. at 576. Thus, it is apparent that the common council is not foreclosed from amending a proposed ordinance after its original publication. The issue thus evolves into what, if any, publication requirements are imposed upon the common council if it amends a pending ordinance after its original publication.

■ The prevailing rule that must be applied to the issue at bar was succinctly stated in 5 McQuillin, *Municipal Corporations* § 16.88, at 285 (3d ed. 1969), as follows:

"[P]rovisions as to publication or notice of ordinances or of their pendency require publication, or notice, of ordinances as amended and not merely in their original form, which after publication is substantially amended; or provisions relating specifically to amendment of ordinances during passage require that an ordinance, where amended materially during passage, must be published, or notice of it otherwise must be given, in a specified manner for a prescribed period. An amendment has been denied effectiveness until its publication in accordance with the law." (footnotes omitted)

*See also, Farnsley v. Henderson* (Ky.1951), 240 S.W.2d 82, 84; *Biltmore Hotel Court v. City of Berry Hill* (1965), 216 Tenn. 62, 70, 390 S.W.2d 223, 227; *Tennent v. City of Seattle* (1914), 83 Wash. 108, 112, 145 P. 83, 85. The prohibition against making material and substantial changes in a pending ordinance without notice thereof appears to

be directed toward preventing the public from being misled by the publication of the pending ordinance in its original form. Thus, it is evident that the post-publication but pre-enactment amendment of a pending ordinance, which amendment is material and substantial in nature, requires the republication of notice in accordance with statutory directives.

■ The Gary Common Council made material and substantial amendments to the proposed budget ordinance after the original publication of notice of the pending ordinance. The total amount to have been expended upon the firefighters' clothing allowance was increased from $73,000 to $182,050. Yet, the attempt of the Gary Common Council to increase the clothing allowance appropriations was not accompanied by the publication of notice in accordance with statutory directives. The trial court properly concluded that "[p]ublication of the amended ordinance was not had in conformity with the provisions of IC 6–1.1–17–4 ...." That statute required the proposed budget ordinance to have been published in two local newspapers for the frequency prescribed in IC 6–1.1–17–3(a), which provided that "notice shall be published twice." A review of the record reveals that the proposed budget ordinance *in its amended form* was not published twice in two local newspapers.

After the Gary Common Council amended the clothing allowance appropriations on August 16, 1977, the pending ordinance as amended appeared in *INFO* on August 18, 1977 (Plaintiffs' Exhibit 5), and on August 25, 1977 (Plaintiffs' Exhibit 6). However, legal notice of the pending ordinance in its amended form did not appear in a second newspaper as required by IC 6–1.1–17–4. Two days after the August 16th meeting of the Gary Common Council, legal notice of the pending ordinance was published in the *Gary Post-Tribune* (Plaintiffs' Exhibit 8), but that notice did not contain the amendments made to the clothing allowance appropriations. A person reading the legal

notice published in the August 18th issue of the *Gary Post-Tribune* would not have been informed that the Gary Common Council had increased the total amount of the firefighters' clothing allowance from $73,000 to $182,050. As stated before, the requirement of publication of notice of a pending ordinance requires "publication, or notice, of ordinances as amended and not merely in their original form, which after publication is substantially amended . . . ." McQuillin, *Municipal Corporations, supra,* at 285. Here, the record does not contain any evidence indicating that the proposed budget ordinance as amended appeared accurately in the *Gary Post-Tribune* at any time.[10] Thus, legal notice of the proposed budget ordinance in its amended form did not appear twice in two local newspapers as required by statute. The Gary Common Council failed to comply with the following elementary rule of law:

> " 'Publication of notices may be authorized by statute, and the statutes providing in what newspapers legal notices must be published must be followed. A notice, advertisement, or list, authorized or required to be published by law, must be published with the frequency and for the period prescribed by law.' (footnotes omitted)."

22 I.L.E. *Notice* § 6, at 151 (1959); *see also,* 66 C.J.S. *Notice* § 18(g), at 667 (1950). Thus, the trial court's entry of judgment against the firefighters is not contrary to law.

## II.

### Clothing Allowance

■ As noted previously in this opinion, the trial court erred in holding that the Gary Common Council was not empowered to fix the amount of the firefighters' clothing allowance. However, the court's erroneous conclusion did not reach the magnitude of reversible error in light of the failure of the Gary Common Council to comply with the publication of notice requirements. Nevertheless, the issue merits this Court's attention.

In support of their contention that the Gary Common Council had the authority to fix the amount of the clothing allowance, the firefighters properly rely upon several statutory provisions that vest the authority to control the compensation of firefighters in the common council of a city. The statutes relevant to this issue are IC 1976, 18–1–11–2 (Burns Code Ed.),[11] which provides in pertinent part:

> "The annual pay of all policemen, firemen and other appointees shall be fixed by ordinance of the common council; and it shall be lawful in such ordinance to grade the members of such forces and to regulate their pay, not only by rank, but by their length of service. . . ."

**10.** It is noted that the trial court's Finding of Fact No. 10 states that the pending ordinance as amended was published in the *Gary Post-Tribune* on August 20, 1977, and on August 29, 1977. However, the record fails to sustain the trial court's finding. The only evidence in the record that indicates legal notice was published in the *Gary Post-Tribune* after the August 16th meeting of the Gary Common Council is Plaintiffs' Exhibit 8, and, as stated in the text, that exhibit does not contain the clothing allowance appropriations in their amended form. The chief deputy clerk of the City of Gary testified that the publisher's proof of publication indicated that notice of the pending ordinance *was to have been* published in the *Gary Post-Tribune* on August 20 and on August 29. However, there was no evidence produced at trial by the firefighters that revealed the proposed budget ordinance in its amended form was actually

published in that newspaper on those dates. The publisher's proof of publication for the *Gary Post-Tribune* was not admitted as evidence, nor did anyone testify that legal notice actually appeared in the *Gary Post-Tribune* on the dates in question. The firefighters failed to sustain their burden of proving that notice was published in accordance with statutory requirements. Thus, the trial court's Finding of Fact No. 10 has no factual foundation in the record and is therefore "clearly erroneous." A "clearly erroneous" finding of fact may be set aside and disregarded by the reviewing court on appeal. Ind. Rules of Procedure, Trial Rule 52(A); *Sigsbee v. Swathwood* (1981), Ind.App., 419 N.E.2d 789, 793.

**11.** IC 18–1–11–2 was repealed in 1981 and replaced with IC 1976, 36–8–3–3(d) (West's Ind. Leg.Serv. (1981), vol. 5, at 1732–33).

and IC 1976, 18–2–1–10(b) (Burns Code Ed.),[12] which provides in pertinent part:

"The salaries of each and every appoin-'tive officer, employee, deputy, assistant and departmental and institutional head shall be fixed by the mayor subject to the approval of the common council: Provided, That the provisions of this subsection shall not apply to the manner of fixing and the amount of compensation paid by any city to the members of the police and fire departments. . . ."

Recent cases construing both statutes have held that the common council of a city has the sole authority to set the salaries of firefighters (and police officers). *Fort Wayne Patrolman's Benevolent Ass'n., Inc. v. City of Fort Wayne* (1980), Ind.App., 408 N.E.2d 1295, 1301–02, *reh. denied*, 411 N.E.2d 630, 631–32; *City of Gary v. State ex rel. Paris* (1980), Ind.App., 406 N.E.2d 1247, 1248–49. The issue thus becomes whether the common council has exclusive authority to fix the clothing allowance payable to firefighters under IC 19–1–10–1.

IC 18–1–11–2 directs the common council of a city to set the "annual pay" of firefighters. IC 18–2–1–10(b) withholds from the mayor of a city the "manner of fixing and the amount of compensation" payable to firefighters. When considered in the context of determining which municipal entity controls the purse strings of the clothing allowance, the terms "annual pay" and "compensation" cannot be so narrowly construed so as to limit the authority of the common council to setting only the salaries of the firefighters. The Indiana Supreme Court's lexicographic survey of the term "compensation" impels a liberal construction of the word:

"The word 'compensation' has been variously defined. Webster's New International Dictionary defines the word as, 'That which constitutes, or is regarded as, an equivalent or recompense; that which makes good the lack or variation of something else; that which compensates for

loss or privation; amends, remuneration, recompense.' 'Recompense' therein is defined as 'To return an equivalent for; to give compensation for; to atone for; to pay for.' Sec. 1–201, Burns' 1933, § 5, Baldwin's 1934, provides that in construing statutes of this state, 'Words and phrases shall be taken in their plain, or ordinary and usual, sense.' The plain, ordinary, and usual use of the word compensation is in the sense or meaning of payment. All of the definitions of the word we have examined also have the common idea of the return or payment of an equivalent, that is, of the payment of the full and equal value of the loss sustained or the service performed by the party to be compensated."

*Kassabaum v. Board of Finance of Town of Lakeville* (1939), 215 Ind. 491, 495–96, 20 N.E.2d 642, 645. When these definitional observations are applied to the language of IC 19–1–10–1, it is evident that the "annual cash allowance" payable under IC 19–1–10–1 must be deemed to be "compensation" within the meaning of IC 18–2–1–10(b) and "annual pay" within the meaning of IC 18–1–11–2. The enactment of IC 19–1–10–1 was clearly intended to recompense firefighters for expenses incurred in purchasing the proper attire for the job. Thus, the amount of the firefighters' clothing allowance is, like their annual salary, a matter for the common council to determine.

The City and Mayor Hatcher rely upon *Lugar v. State ex rel. Lee* (1978), Ind., 383 N.E.2d 287, and *Hilligoss v. LaDow* (1977), Ind.App., 368 N.E.2d 1365, *appeal dsmd.* (1978), 436 U.S. 942, 98 S.Ct. 2840, 56 L.Ed.2d 783, in contending that the clothing allowance is not part of the firefighters' "annual pay" or "compensation." *Lugar* and *Hilligoss* involved determining whether the clothing allowance is part of the base pay of active firefighters and police officers for the purpose of ascertaining the amount of pension benefits to which they were entitled. The Supreme Court, relying exten-

---

**12.** IC 18–2–1–10(b) was repealed in 1980 (effective September 1, 1981) and replaced with IC 1976, 36–4–7–3 (Burns Code Ed., 1980 Ed.).

sively upon Judge Sullivan's analysis of the issue in *Hilligoss*, held that "the clothing allowance is not to be included in the computation of salary for purposes of determining pension benefits." *Lugar, supra,* 383 N.E.2d at 290. In the present case, it is contended that the Supreme Court's holding indicates that the clothing allowance is not part of the firefighters' salaries and therefore is not subject to control by the Gary Common Council.

The treatment of the clothing allowance in *Lugar* and *Hilligoss* in determining the firefighters' pension rights cannot be deemed controlling of the issue presented in this appeal. Referring to the clothing allowance payable under IC 19–1–10–1, Judge Sullivan stated:

"Depending upon the context in which it is used, the term 'allowance' may or may not be synonymous with salary. . . ." (footnote omitted)

*Hilligoss, supra,* 368 N.E.2d at 1371. The present case reflects one of those contexts in which "allowance" must be equated with "salary" or "annual pay" or "compensation." The court in *Hilligoss* made the following observations which reinforce this Court's conclusion:

"Admittedly, the clothing allowance is a form of compensation in that it does relieve the recipient of the necessity of making clothing expenditures from his usual remuneration."

*Hilligoss, supra,* 368 N.E.2d at 1371. The court went on to state that the clothing allowance could not constitute part of the firefighters' salary within the meaning of the pension statutes. It is evident that the court did not intend to hold that its decision encompassed all cases involving the clothing allowance. Thus, *Lugar* and *Hilligoss* present no obstacle to this Court's holding that the common council of a city is vested with the sole authority to fix the amount of its firefighters' clothing allowance under IC 19–1–10–1.

For the reasons stated in part I. of this opinion, the trial court's judgment is affirmed.

GARRARD, J., concurs.

HOFFMAN, P. J., concurs in result with opinion.

HOFFMAN, Presiding Judge, concurring in result with opinion.

I concur in the result reached by the majority in this case. Nevertheless, I find the reasoning expressed in the majority opinion erroneous. Specifically, the majority incorrectly holds that a city common council has exclusive authority to fix the amount of the firefighter clothing allowance under IC 1971, 19–1–10–1 (1980 Burns Supp.).

Analysis of this problem begins with three statutes. IC 1971, 19–1–10–1;

"All cities of the first, second, third, fourth and fifth classes having regularly organized and paid police and fire departments shall provide for use by the active members of such police and fire departments of all uniforms, clothing, arms and equipment necessary to the performance of their respective duties: Provided, That after one [1] year of regular service in said departments, any such member thereof may be required by such city to furnish and maintain all of his uniform, clothing, arms and equipment upon the payment to such member by such city an annual cash *allowance* of not less than two hundred dollars [$200]: Provided further, That a city of first, second, third, fourth, or fifth class may credit such a uniform allowance to each individual officer as against his purchases during any calendar year and provide for the payment of any cash balance remaining at the end of the calendar year."

IC 1971, 18–1–11–2;

"The *annual pay* of all policemen, firemen and other appointees shall be fixed by ordinance of the common council; and it shall be lawful in such ordinance to grade the members of such forces and to regulate their pay, not only by rank, but by their length of service.

and IC 1971, 18–2–1–10(b);

"The *salaries* of each and every appointive officer, employee, deputy, assistant

and departmental and institutional head shall be fixed by the mayor subject to the approval of the common council: Provided, That the provisions of this subsection shall not apply to the manner of fixing and the amount of *compensation* paid by any city to the members of the police and fire departments."

(Emphases added.) This Court has held that the latter two statutes reserve to the city common council the sole authority to fix salaries of firemen in that city. *Fort Wayne, etc. v. City of Fort Wayne* (1980), Ind.App., 408 N.E.2d 1295; *City of Gary v. State ex rel. Paris* (1980), Ind.App., 406 N.E.2d 1247. The question remains whether the city council also has the sole authority to fix the clothing allowance for those same firemen as provided in 19–1–10–1.

The majority concedes that the terms "annual pay" in 18–1–11–2 and "salary" as used in 18–2–1–10(b) are synonymous. In addition, the word "compensation" in 18–2–1–10(b) is deemed to have a broad definition including not only "salary" (and "annual pay") but also the "annual cash allowance" for clothing granted by 19–1–10–1. Hence, the majority reasons that since 18–2–1–10(b) excludes firefighter "compensation," including the clothing allowance, from the budgetary powers of the mayor, the amount of the annual clothing allowance is in the exclusive control of the city council. This, clearly, was not the intent of the Legislature.

IC 1971, 18–2–1–10(b) permits the mayor of a city to fix the salary of every appointive officer of that city except for the salaries of policemen and firemen. 18–2–1–10(b), standing alone, says nothing about who is to set policemen and firemen salaries. 18–1–11–2, on the other hand, says that such salaries shall be fixed by the common council. Moreover, 18–1–11–2 only grants to the council exclusive authority to fix "annual pay" of firemen and does not dictate that the council shall set anything but annual pay of police officers and firefighters. As such, the majority's broad definition of compensation in 18–2–1–10(b) requires exclusion from the mayor's budget-

ary powers all types of remuneration for firemen while 18–1–11–2 grants the city council the power to fix only the annual pay of firemen. In this way, the majority definitions leave those types of "compensation" above and beyond "annual pay" or "salaries" to be set by someone other than the mayor or the city council. The majority allegedly cures this defect by equating "allowance" as in "annual cash allowance" with "salary."

In support of its decision to equate "allowance" and "salary," the majority cites *Hilligoss v. LaDow* (1977), Ind.App., 368 N.E.2d 1365 *appeal dismissed*, 436 U.S. 942, 98 S.Ct. 2840, 56 L.Ed.2d 783, (holding that the annual clothing allowance is not "salary" for purposes of computing pension benefits); *see also Lugar v. State ex rel. Lee* (1978), Ind., 383 N.E.2d 287 (citing *Hilligoss* with approval). In that opinion, this Court stated: "Depending upon the context in which it is used, the term 'allowance' may or may not be synonymous with salary." 368 N.E.2d at 1371. The majority here uses this language to justify its conclusion that allowance and salary are equivalent in this case. However, the majority fails to note that the *Hilligoss* statement quoted above is qualified in footnote 9 of that opinion:

"In general, a salary is always earned, whereas the term 'allowance' may refer either to a gratuity or a repayment. Webster's Third New International Dictionary (1971), p. 58, defines allowance as 'a sum granted as reimbursement or a bounty, or as appropriate for any purpose . . .; a fixed and, usually, restricted quantity.'" 368 N.E.2d at 1371, n. 9.

Subject to this qualification, then, and based firmly on this Court's decision in *Hilligoss*, one must conclude that "allowance" and "salary" are synonymous only when the allowance is earned. Certainly the clothing allowance at issue here is not earned and is therefore not salary.

In *Hilligoss*, this Court defined "salary" as "remuneration which is paid on a regular and periodic basis in exchange for services." 368 N.E.2d at 1371. The clothing allowance, however, is not paid in exchange for services:

 

"The allowance is thus intended to help the recipient offset whatever cleaning, repair, and replacement costs he or she is likely to incur in furnishing and maintaining uniform, clothing, arms and equipment. Although some recipients may not use the full allotment for these purposes, the amount that is unused *bears no relation to the recipient's services.* It is simply a reward for conserving those items, with the amount varying in direct relation to the recipient's conservation efforts." (Emphasis added.) 368 N.E.2d at 1371–1372.

Accordingly, although the annual clothing allowance may be a part of the broader definition of "compensation," *see Hilligoss,* 368 N.E.2d at 1371, it is not salary.

A reading of 18–1–11–2 indicates that the Indiana Legislature intended that the city council be responsible only for setting the amount of the "annual pay" or "salary" of firemen. Consistent with this intent, where the Legislature forbade the mayor from fixing firefighter compensation in 18–2–1–10(b) the word "compensation" was intended to be limited by the term "salaries" as well as "annual pay." Since this Court is bound by the intent of the Legislature in applying statutory law, *see Dague v. Piper Aircraft Corp.* (1981), Ind., 418 N.E.2d 207, I would hold that a city council does not have the exclusive power to fix the annual clothing allowance for city firefighters.

The logic behind the division of powers regarding firefighter salaries and firefighter clothing allowance is clear. The Legislature intended that the city council have exclusive power to set firefighters' salaries and that it only have authority to *decrease* other budgetary items related to the fire department submitted to it by the mayor. *See* IC 1971, 18–1–11–1 and 18–1–6–6.[1] As applied to the facts before this Court, the

Gary Common Council had no power to increase the clothing allowance for firemen as budgeted by the mayor. IC 1971, 18–1–6–6.

I vote to affirm the trial court decision.

---

1. IC 1971, 18–1–6–6 reads in part:
   "It shall be the duty of the committee of finance of the common council thereupon to prepare an ordinance fixing the rate of taxation for the ensuing year, and also an ordinance making appropriations by items for the use of the various executive departments and other city purposes for the ensuing year. Such ordinance may reduce any estimated item for any executive department, from the figure submitted in the report of the city controller, *but shall not increase* the same unless recommended by the mayor."
   This statute has since been amended. *See* footnote 4 of majority opinion.